**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No.** _____

CINDY McCORMICK;
RONALD McCORMIC; and,
TRUPP LAND MANAGEMENT LLC,

    Plaintiffs,

v.

HRM RESOURCES, LLC, a Delaware limited liability company,
HRM RESOURCES II, LLC, a Delaware limited liability company,
HRM RESOURCES III, LLC, a Delaware limited liability company,
HRM RESOURCES IV, LLC, a Delaware limited liability company,
L. ROGER HUTSON, an individual,
TERRY PAPE, an individual,
PAINTED PEGASUS PETROLEUM, LLC, a Texas limited liability company, and
JOHN HOFFMAN, an individual

    Defendants.

**NOTICE OF REMOVAL**

Defendant HRM Resources IV, LLC ("HRM IV"), through its counsel, Brownstein Hyatt Farber Schreck, LLP, files this Notice of Removal under 28 U.S.C. §§ 1332(d)(2), 1441(a), 1446, and 1453(b), and in support of it states as follows:

1.    When a plaintiff files a case in state court over which the federal courts have original jurisdiction, a defendant may remove the case to federal court by filing a notice of removal in the United States district court for the district and divisions within which such state court action is pending. 28 U.S.C. §§ 1441(a), 1446(a). The notice of removal must contain a

1

short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served on the removing defendant in such action. 28 U.S.C. § 1446(a).

2.  Pursuant to 28 U.S.C. § 1332, *et seq.,* as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"), this Court has jurisdiction over this putative class action filed in Colorado state court.

3.  Under CAFA, federal courts have original jurisdiction over putative class actions in which 1) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; 2) a member of a class of plaintiffs is a citizen of a State different from any defendant; and (3) the number of members of all proposed plaintiff classes in the aggregate is 100 or greater. 28 U.S.C. § 1332(d)(2), (d)(5)(B).

***Removal under CAFA to the District of Colorado is Timely and Proper***

4.  Plaintiffs filed the Class Action Complaint and Jury Demand ("Complaint") on February 22, 2024. HRM IV was served with the summons and Complaint on March 4, 2024. (*See* Comella Aff. of Serv. at 1, Case No. 2024CV30302 (Dist. Ct. Adams Cnty, March 8, 2024).). The face of the Complaint establishes CAFA jurisdiction.

5.  HRM IV's removal of this case to federal court is timely under 28 U.S.C. § 1446(b)(1) because it is made "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

6.  Removal to this District is proper because this civil action was filed and is pending in the State of Colorado Seventeenth Judicial District Court, County of Adams. The

Seventeenth Judicial District Court is a Colorado state court located within this District. *See* 28 U.S.C. §§ 1441(a).

***Plaintiffs Allege Common Class Claims for Injunctive Relief and Damages***

7.  Plaintiffs allege that Defendants failed to meet their alleged obligations to plug, reclaim, and remediate oil and gas wells on Plaintiffs' and the putative class members' properties and that they and the putative class members have been harmed as a result. (*See generally* Class Action Complaint and Jury Demand (Compl.).)

8.  Plaintiffs seek injunctive relief and damages on behalf of themselves and a putative class of "[a]ll persons who own, lease, or have an interest in surface land in the State of Colorado where such surface land has or had an oil or gas well that was transferred by HRM to Painted Pegasus." (*Id.* ¶ 137.) Plaintiffs allege that "approximately 200 oil and gas wells [were] fraudulently transferred by Defendant HRM to Painted Pegasus Petroleum, LLC" and that "[t]here are more than 100 persons that are members of the proposed Class[.]" (*Id.* ¶¶ 10, 139.)

9.  Plaintiffs contend that Defendants must plug the approximately 200 wells at issue and reclaim and remediate the surface land because, according to Plaintiffs, "the wells are no longer being utilized for production or it is no longer reasonable for the wells to burden surface owners' property." (*See* Compl. ¶ 4; *see also* ¶¶ 12, 44, 45.) Based on Defendants' alleged well remediation obligations, Plaintiffs assert seven claims for relief: (1) trespass; (2) violations of the Colorado Uniform Fraudulent Transfer Act (CUFTA); (3) civil conspiracy to commit trespass; (4) civil conspiracy to commit fraudulent transfer; (5) unjust enrichment; (6) aiding and abetting trespass; and (7) negligence.

*Plaintiffs Allege that the Amount in Controversy Exceeds $5,000,000*

10. While HRM IV denies liability for Plaintiffs' individual and class claims, it is plain from the face of the Complaint that the amount in controversy exceeds CAFA's $5,000,000 threshold. 28 U.S.C. § 1332(d).[1]

11. Plaintiffs assert that the asset retirement obligation (ARO) costs—i.e., the plugging and abandoning costs—"for the at-issue wells are, on average, over $100,000 each." (Compl. ¶ 49.) Plaintiffs thus estimate that the costs for plugging and abandoning the about 200 at-issue wells would be $20,000,000.

12. Should Plaintiffs prevail on their class claims, the cost to Defendants of complying with the judgment and providing the requested injunctive relief would, according to Plaintiffs, be well above CAFA's $5,000,000 jurisdictional floor.

13. On top of injunctive relief, Plaintiffs also seek damages for their class claims.

14. Plaintiffs contend that "all members of the Class are similarly affected by and seek damages resulting from Defendants' wrongful conduct[.]" (*Id.* ¶ 142.) For example, Plaintiffs assert that they and the putative class members "are entitled to . . . compensatory damages in an amount sufficient to remedy the trespass." (*Id.* ¶ 158). Further, Plaintiff contend that "HRM was . . . unjustly enriched by both the wrongful avoidance of obligations and the resulting retention of funds that should have gone to cleanup." (*Id.* ¶ 189). Plaintiffs also allege

---

[1] In removing this case, HRM IV does not concede or admit, in any fashion, that any claims for such amounts, or any amounts, have legal or factual merit, or that persons on behalf of which such claims are asserted could properly be certified as members of a class under Colorado or Federal Rule Civil Procedure 23, and HRM IV reserves all rights and defenses to such claims.

that their CUFTA claim entitles them and the putative class members to "one and one-half the amount necessary to satisfy the creditor's claim[.]" (*Id.* ¶ 168).

15. Based on Plaintiffs' allegations in the Complaint, "damages in an amount sufficient to remedy the trespass" would be the $20,000,000 Plaintiffs allege is necessary to plug and abandon the at-issue wells. And under Plaintiffs' theory of the case, Defendants thus have been unjustly enriched in that amount.

16. Plaintiffs contend their CUFTA claim entitles them and the putative class members to even more. Plaintiffs assert that they are creditors of Defendants for Defendants' "obligations to plug the wells and remediate and reclaim the well sites on Plaintiffs' properties." (*Id.* ¶ 162). So with $20,000,000 in alleged ARO costs, "one and one-half the amount necessary to satisfy" Plaintiffs' alleged claims would be $30,000,000.

17. Whether valued by the class-wide injunctive relief or damages sought, the amount in controversy exceeds $5,000,000 on the face of the Complaint.

***There is Minimal Diversity between Plaintiffs and Defendants***

18. Plaintiffs Cindy and Ronald McCormick allege they own property in and are citizens of Colorado. (*Id.* ¶ 13). Likewise, Plaintiff Trupp Land Management, LLC alleges it owns property in and is a citizen of Colorado. (*Id.* ¶ 14).

19. Plaintiffs allege that Defendant John Hoffman is a resident of Texas. (*Id.* ¶ 30.) Plaintiffs allege that Defendant Painted Pegasus Petroleum, LLC ("P3") is headquartered in Texas. (*Id*. ¶ 28). Thus, based on the Complaint's allegations, Defendants Hoffman and P3 are citizens of Texas for establishing minimal diversity.

20. Because at least one Plaintiff (who is a member of the putative class) is diverse from at least one Defendant, CAFA's geographic minimal diversity requirement is satisfied here. *See* 28 U.S.C. § 1332(d)(2).

\*          \*          \*

21. Because the amount in controversy exceeds $5,000,000 and at least one Defendant is diverse from at least one member of a putative class numbering at least one hundred, this Court has jurisdiction under 28 U.S.C. § 1332(d)(2) and 1332(d)(6) ("In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.").

22. Consistent with 28 U.S.C. § 1446(a) and D.C. Colo. Local Civ. R. 81.1, attached hereto are certain documents from the state court proceeding in the State of Colorado Seventeenth Judicial District Court, Adams County, 2024CV30302 identified as the following:

- Plaintiffs' Class Action Complaint and Jury Demand
- Return of Service for Defendant HRM Resources IV, LLC
- State Court Docket

23. HRM IV is serving written notification on Plaintiffs' counsel and the Adams County District Court by filing a Notice of Filing Notice of Removal and attaching a copy of this Notice of Removal in Adams County District Court Case No: 2024CV30302.

Based on the above, Defendant HRM Resources IV, LLC removes this action, which is pending in the Adams County District Court, as Case No. 2024CV30302, to this Honorable Court.

DATED March 25, 2024.

/s/Matthew C. Arentsen

Richard B. Benenson, #32566
Justin L. Cohen, #44811
Matthew C. Arentsen, #45021
Robert P. Bacaj, #52376
Max Porteus, #56405
BROWNSTEIN HYATT FARBER SCHRECK, LLP
675 15th Street, Suite 2900
Denver, Colorado 80202
Phone: 303-223-1100
Fax: 303-223-1111
Email:  marentsen@bhfs.com
          rbacaj@bhfs.com
          mporteus@bhfs.com

*Attorneys for Defendant HRM Resources IV, LLC*