### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:24-cv-00823-CNS-MEH**

CINDY McCORMICK; RONALD McCORMICK; and TRUPP LAND MANAGEMENT
LLC,
      Plaintiffs,

v.

HRM RESOURCES, LLC, a Delaware limited liability company;
HRM RESOURCES II, LLC, a Delaware limited liability company;
HRM RESOURCES III, LLC, a Delaware limited liability company;
HRM RESOURCES IV, LLC, a Delaware limited liability company;
L. ROGER HUTSON, an individual; TERRY PAPE, an individual;
PAINTED PEGASUS PETROLEUM, LLC, a Texas limited liability company; and JOHN
HOFFMAN, an individual
      Defendants.

---

### MOTION FOR ORDER AUTHORIZING SUBSTITUTED SERVICE UPON
### DEFENDANT PAINTED PEGASUS PETROLEUM, LLC

---

The above-captioned plaintiffs, through counsel, and pursuant to Fed. R. Civ. P.

4 and Colo. R. Civ. P. 4(f), respectfully move for an order authorizing substituted service

upon defendant Painted Pegasus Petroleum, LLC ("P3") as follows:

**Certification Pursuant to D.C.Colo.LCivR 7.1(a):** Counsel for plaintiffs

conferred with Matthew Arentsen, counsel for the HRM Defendants, regarding this

Motion. The HRM Defendants take no position on the Motion.

### INTRODUCTION

On February 22, 2024, plaintiffs filed their Class Action Complaint and Jury

Demand (the "Complaint") in Adams County District Court (which the defendants

removed to this Court on March 25, 2024). Plaintiffs served P3 with the Complaint on

March 4, 2024, via its registered agent, Corporation Service Company, as designated by P3 on the Colorado Secretary of State's website. On or about March 12, 2024, undersigned counsel received notice that service upon P3's registered agent was rejected because Corporation Service Company has resigned as registered agent.

Plaintiffs then sought to serve P3's manager(s) pursuant to Fed. R. Civ. P. 4(h). Although defendant John Hoffman was a P3 manager, he has indicated that he parted ways with the company more than a year ago. Upon learning that, plaintiffs attempted service upon Keith Hubbard, a current P3 manager, but those attempts were unsuccessful as detailed below. In short, Hubbard is aware of the service attempts, yet appears to be refusing to cooperate with service. Plaintiffs respectfully request an order authorizing substituted service pursuant to Fed. R. Civ. P. 4 and Colo. R. Civ. P. 4(f).

**LEGAL STANDARD**

Fed. R. Civ. P. 4(h) provides that a business entity may be served either by delivering a copy of the summons and complaint to the entity's authorized agent, Fed. R. Civ. P. 4(h)(1)(B) or, alternatively, "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Fed. R. Civ. P. 4(e)(1), in turn, provides that service on an individual may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Thus, an LLC may be served in this district by meeting the requirements of Colorado's service rules. *AAHC Mgmt. & Consulting, LLC v. USA Hemp LLC*, 2021WL3549424, *1 (D. Colo. 2021) (LLC can be served by serving "a specific person" pursuant to

Colorado's substituted service rules). If a party is unable to effectuate service by traditional means, Colo. R. Civ. P. 4(f) permits substituted service upon a showing, by affidavit, of:

> (1) the efforts made to obtain personal service and the reason that person service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is effected.

If the Court is satisfied (i) that "due diligence has been used to attempt personal service," (ii) that "further attempts to obtain service under [C.R.C.P. 4(e)] would be to no avail," and (iii) that the person to whom delivery of the process is sought is "appropriate under the circumstances and reasonably calculated to give actual notice to the party," then the Court "shall" authorize substituted service upon the substituted party. C.R.C.P. 4(f). "Due diligence does not require that the plaintiffs actually succeed in serving the defendant or that the plaintiffs exhaust every possible option in attempting to do so." *Minshall v. Johnston*, 417 P.3d 957, 961 (Colo. App. 2018). Instead, due diligence is that "reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." *Owens v. Tergeson*, 363 P.3d 826, 835 (Colo. App. 2015) (quoting *Black's Law Dictionary* 553 (10th ed. 2014)).

## FACTUAL BACKGROUND

1.      On March 4, 2024, service of the Summons, Complaint, and Civil Cover Sheet (the "Service Documents") were served on P3 via its registered agent Corporation Service Company. **Exhibit 1**, Affidavit of Service by Moriah Matlock.

2.      On or about March 12, 2024, undersigned counsel received a Rejection of Service of Process from Corporation Service Company indicating that it could not forward the Service Documents to the intended party [P3] for one of many reasons.[1] **Exhibit 2**, Rejection of Service of Process letter.

3.      On March 25, 2024, Defendant HRM Resources IV, LLC filed its Notice of Removal removing this case from Adams County District Court to this Court.

4.      Prior to removal, plaintiffs had provided the Service Documents to a process server for service upon Hoffman[2] as a manager of P3.

5.      Despite four separate attempts between March 23 and 29, 2024, service upon P3 via its manager, Hoffman, was unsuccessful. **Exhibit 5**, Affidavit of Nonservice by Joan Sisson.

6.      Mr. Hoffman has been served in his individual capacity, however, he is an individual defendant and has since indicated that he is no longer a P3 manager. Plaintiffs have also learned that Joseph Mustacchia III and Keith Hubbard are P3's managers, but that Mr. Mustacchia is experiencing significant health issues. As set forth in Ex. 4, Hubbard is listed as a manager of P3.

---

[1]      According to the Colorado Secretary of State's website, P3 has failed to maintain a registered agent following Corporation Service Company's resignation and has in fact become delinquent due to failure to file a period report. *See* **Exhibit 8**, *History and Documents* for Painted Pegasus Petroleum, LLC—Colorado Secretary of State.

[2]      Hoffman is a defendant in this action in his individual capacity and was personally served with the Complaint on March 5, 2024 at his personal residence. **Exhibit 3**, Affidavit of Service by Philip Bart. Hoffman is also a manager of P3 according to the Member/Manager list attached to P3's Statement of Financial Affairs filed with the U.S. Bankruptcy Court, Southern District of Texas in Case No. 21-33772, attached as **Exhibit 4**.

7.      Between April 19 and 22, 2024, four separate attempts were made to serve Hubbard as manager of P3 with the Service Documents.[3] Each attempt was unsuccessful. **Exhibit 6**, Affidavit of Nonservice by Juan Molina.

8.      Between April 23 and 24, 2024, five additional attempts were made to serve Hubbard as manager of P3. During the fourth attempt, Hubbard answered through his doorbell stating "what do you want? I'm not home." **Exhibit 7**, Affidavit of Nonservice by Steve Tatsinkou Kengne.

### DISCUSSION

Plaintiffs have satisfied the requirements for substituted service under Colo. R. Civ. P. 4(f) and, after nine service attempts on Hubbard and in the interests of moving this case forward, respectfully request leave to serve P3 via substituted service.

**I.      Plaintiffs' Efforts to Obtain Personal Service on P3.**

Plaintiffs made numerous attempts to serve P3. Plaintiffs began by serving P3's registered agent, which service was rejected. Thereafter, and as set forth above, plaintiffs attempted personal service four times between March 23 and 29, 2024 upon P3's manager, Hoffman, and nine times between April 19 and 24, 2024 upon P3's manager, Hubbard (Exs. 5–7). Each attempt was unsuccessful.

**II.      Plaintiffs Propose to Deliver Process to P3's Manager, Keith Hubbard.**

Plaintiffs propose to effectuate service on P3 via delivery to its manager, Hubbard. To deliver process to Hubbard, plaintiffs propose to serve Hubbard via U.S.

---

[3]      The Service Documents were amended to include the Notice of Removal [Doc. 1] and Minute Order setting the Scheduling Conference [Doc. 12].

mail to Mr. Hubbard's personal residence.

**III.    The Last Known Addresses of Hubbard's Residence.**

Hubbard's last known address, as confirmed with the process server on April 24, 2024 (Ex. 7) is 21219 Ganton Drive, Katy, Texas 77450. Plaintiffs have not been able to identify an employment address for Hubbard despite diligent efforts. Plaintiffs are confident that this address is indeed Hubbard's address given that he answered the doorbell before indicating that he was supposedly not at home. Notably, he did not deny being Keith Hubbard or otherwise explain that the process server had the wrong address.

**IV.    Plaintiffs Exercised Due Diligence in Attempting to Serve P3, and Further Attempts Would Be to No Avail.**

Plaintiffs have clearly exercised due diligence in their attempts to serve P3 via its registered agent and its managers. Under Colorado law, parties are not obligated to "exhaust every option" available to them to effectuate service; instead, due diligence requires efforts that are "reasonable under the circumstances" and are "appropriate to accomplish the end sought and which is reasonably calculated to do so." *Minshall v. Johnston*, 417 P.3d 957, 961 (Colo. App. 2018); *Owens v. Tergeson*, 363 P.3d 826, 835 (Colo. App. 2015). Here, plaintiffs have met that standard. Plaintiffs have attempted service through every avenue reasonably available to them—including attempts at service upon two different managers at two different locations on multiple occasions.

**V.**     <u>**Delivery of Process to Hubbard Is Appropriate and Reasonably Calculated to Give Actual Notice to P3.**</u>

Delivery of process to Hubbard via U.S. Mail is appropriate under the circumstances and is reasonably calculated to give actual notice to P3. Under these circumstances, delivery of process to Hubbard is reasonably calculated to provide actual notice of this litigation to P3.

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully request an order pursuant to Fed. R. Civ. P. 4 and Colo. R. Civ. P. 4(f) authorizing substituted service of process to be made upon Keith Hubbard, defendant Painted Pegasus Petroleum, LLC's manager, via U.S. Mail to Hubbard's last known address, as permitted by Colo. R. Civ. P. 4(f)(2). For the Court's convenience, a proposed order is filed herewith.


Dated this 2nd day of May 2024, in Denver, Colorado.

                                     *s/ Christopher Carrington*
                                     Christopher P. Carrington
                                     **RICHARDS CARRINGTON, LLC**
                                     1444 Blake Street, Denver, Colorado 80202
                                     Telephone: 303-962-2690
                                     Email: chris@richardscarrington.com
                                     *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2024, I electronically filed the foregoing **MOTION FOR ORDER AUTHORIZING SUBSTITUTED SERVICE UPON DEFENDANT PAINTED PEGASUS PETROLEUM, LLC** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Richard B. Benenson
Justin L. Cohen
Matthew C. Arentsen
Robert P. Bacaj
Max Porteus
BROWNSTEIN HYATT FARBER SCHRECK, LLP
rbeneson@bhfs.com
jcohen@bhfs.com
marentsen@bhfs.com
rbacaj@bhfs.com
mporteus@bhfs.com

*s/ Dyanna Spicher*
Dyanna Spicher, Paralegal