IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00823-CNS-MEH

CINDY MCCORMICK,
RONALD MCCORMICK,
TRUPP LAND MANAGEMENT LLC,

      Plaintiffs,

v.

HRM RESOURCES, LLC,
HRM RESOURCES II, LLC,
HRM RESOURCES III, LLC,
HRM RESOURCES IV, LLC,
L. ROGER HUTSON,
TERRY PAPE,
PAINTED PEGASUS PETROLEUM, LLC, and
JOHN HOFFMAN,

      Defendants.

---

**ORDER ON MOTION TO STAY**

---

**Michael E. Hegarty, Chief United States Magistrate Judge.**

Defendants HRM Resources, LLC, HRM Resources II, LLC, HRM Resources III, LLC

and HRM Resources IV, LLC (collectively, "HRM Defendants") have filed a "Motion to Stay

Discovery Pending Resolution of Motion to Dismiss." ECF 34. The Parties have fully briefed the

Motion, and oral argument would not assist the Court in its adjudication. ECFs 34, 49–50.

Plaintiffs are landowners and lessees with interests in land on which HRM Defendants and,

later, Defendant Painted Pegasus Petroleum, LLC ("Painted Pegasus"), owned oil and gas wells.

ECF 4 ¶¶ 13–17; ECF 34 at 2–3. Plaintiffs allege that, prior to Painted Pegasus taking possession

1

of the wells, the value of the oil and gas remaining in those wells was insufficient to cover associated clean-up costs, which was known by all Defendants before any wells were transferred to Painted Pegasus. ECF 4 ¶¶ 99–103, 109, 116, 171, 179, 182, 194–96. Plaintiffs contend that HRM Defendants fraudulently transferred the wells at issue to Painted Pegasus to avoid millions of dollars in clean-up obligations. *Id*. ¶¶ 1, 101, 171, 175, 195. Plaintiffs further assert that HRM Defendants, Painted Pegasus, and several executives of those companies (Defendants Hutson, Hoffman, and Pape) conspired to avoid paying these clean-up costs and burden Plaintiffs' land with trespassory wells, related equipment, and damaged land. *Id*. ¶¶ 110, 193–95, 198. Finally, Plaintiffs allege that Defendants transferred these wells from HRM Defendants to Painted Pegasus for Painted Pegasus to hold title to the wells (many of which were already trespassing at the time of transfer), siphon off any revenue from marginally producing wells, and then evade all clean-up obligations via bankruptcy. *Id*. ¶¶ 79–81, 97–103, 175, 179, 195.

Plaintiffs filed this as a putative class action and brought seven claims: (1) trespass against all Defendants; (2) violation of the Colorado Uniform Fraudulent Transfer Act against HRM Defendants and Painted Pegasus; (3) civil conspiracy to commit trespass against all Defendants; (4) civil conspiracy to commit fraudulent transfer against all Defendants; (5) unjust enrichment against HRM Defendants; (6) aiding and abetting trespass against HRM Defendants, Hutson, Pape, and Hoffman; and (7) negligence against all Defendants. ECF 4 ¶¶ 136–209.

On April 22, 2024, HRM Defendants filed a Motion to Dismiss arguing, among other things, that the Colorado Energy and Carbon Management Commission ("ECMC") has jurisdiction over the closure of these wells, and Plaintiffs must exhaust their claims with the ECMC before suing for an injunction to stop alleged violations of Colorado's oil-and-gas rules. ECF 30.

They also argue Plaintiffs fail to plead an injury in fact traceable to the HRM companies' or executives' conduct sufficient to confer Article III standing. *Id.*

The Parties are currently briefing this Motion to Dismiss [ECF 30] as well as *pro se* Defendant Hoffman's "Motion to Dismiss of Defendand [sic] John G. Hoffman or, in the Alternative, Motion to Strike" [ECF 43], which should be completed by late June 2024.[1] ECF 40; D.C.COLO.LCivR 7.1(d). Given the crush of litigation before the District Court, it is likely that it will take some months for these Motions to be decided. To avoid litigation costs in a case in which HRM Defendants believe subject matter jurisdiction may be wanting, they have filed this Motion to Stay [ECF 34] pending a decision on their Motion to Dismiss.

HRM Defendants' principal argument for a stay is the potentially massive cost of discovery. ECF 34 at 6. On the one hand, they point to the retention of numerous experts who will have to review documents and data from 200 wells to inform their opinions. *Id.* at 6–7. HRM Defendants also note that Plaintiffs have requested fifteen depositions. *Id.* at 7. On the other hand, Plaintiffs appear to be satisfied to proceed with Rule 26(a)(1) disclosures and Rule 34 requests for production of documents at the present time, until HRM Defendants' Motion to Dismiss can be decided. ECF 49 at 4. This is the middle ground that I believe is appropriate in this case.

Plaintiffs may propound requests for production, and the Parties should proceed with initial disclosures—which, according to the Scheduling Order were due May 22, 2024. ECF 45 at 9. In the event the document requests become unduly burdensome, Defendants may bring that matter to

---

[1] The Court further notes Plaintiff has not yet completed the substituted service upon Painted Pegasus the Court recently permitted. ECF 42; *see also* Docket.

the Court for a Discovery Conference pursuant to the Magistrate Judges' Uniform Civil Practice Standards.[2] D.C.COLO.MJ VI.

Therefore, the Motion to Stay [filed May 6, 2024; ECF 34] is **granted in part and denied in part**. Document discovery in the form of Rule 26(a)(1) disclosures and Rule 34 requests for production of documents may proceed for both sides.

The Court will hold a Status Conference on **August 26, 2024 at 10:30 a.m.,** in Courtroom A-501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado, to discuss the status of discovery and address any requests of the Parties as to discovery.[3]

DATED at Denver, Colorado this 31st day of May, 2024.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
Chief United States Magistrate Judge

---

[2] These Standards can be found on every Magistrate Judges' website, including mine: http://www.cod.uscourts.gov/Portals/0/Documents/Judges/Uniform_Civil_Practice_Standards_Magistrate_Judges_April2024.pdf?ver=2024-04-03-153625-310.

[3] If this date is not convenient, the Parties shall confer and contact my Chambers by **email** (Hegarty_Chambers@cod.uscourts.gov) to obtain an alternate date. All Parties must be copied on the email if they agree to change the Conference date; otherwise, any Party seeking to change the Conference date must file a motion. If not all Parties have entered an appearance, any request to reset the Status Conference must be made by filing the appropriate motion. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days prior** to the date of the Conference. Additionally, litigants and counsel whose offices are located outside of the Denver metropolitan area or who cannot reasonably make a personal appearance may request to appear remotely at the Status Conferences. Please **call** Chambers at (303) 844-4507 **at least two business days** prior to the Status Conference to request a remote appearance.