UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:24-cv-00823-CNS-MEH**

CINDY McCORMICK; RONALD McCORMICK; and TRUPP LAND MANAGEMENT LLC,

    Plaintiffs,

v.

HRM RESOURCES, LLC, a Delaware limited liability company;
HRM RESOURCES II, LLC, a Delaware limited liability company;
HRM RESOURCES III, LLC, a Delaware limited liability company;
HRM RESOURCES IV, LLC, a Delaware limited liability company;
L. ROGER HUTSON, an individual; TERRY PAPE, an individual;
PAINTED PEGASUS PETROLEUM, LLC, a Texas limited liability company; and JOHN HOFFMAN, an individual

    Defendants.

---

**MOTION FOR LEAVE TO FILE SUR-REPLY TO HRM DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

---

Plaintiffs Cindy McCormick, Ronald McCormick, and Trupp Land Management LLC (collectively "Plaintiffs"), respectfully seek leave to file a sur-reply to *HRM Defendants' Reply in Support of Their Motion to Dismiss or, in the Alternative, Motion to Strike* [ECF 56] ("Reply"), and advise the Court as follows:

**D.C.COLO.LCivR 7.1(a) Certification:** Undersigned counsel certifies he conferred with counsel for the HRM Defendants regarding this motion. The HRM Defendants oppose the requested relief.

## INTRODUCTION

Pursuant to D.C.COLO.LCivR 7.1(d), Plaintiffs request leave to file a short sur-reply limited to the new legal arguments and improper evidence raised in the HRM Defendants' Reply Brief. Seizing upon a single citation to the Complaint that Plaintiffs reference in the Introduction section of their Opposition Brief [ECF 52], Defendants' Reply, for the first time, accuses Plaintiffs' counsel of violating Fed. R. Civ. P. 11 and uses that opportunity to then introduce improper and misleading evidence into the record, including a declaration from defense counsel. Specifically, Defendants now argue that it was improper for Plaintiffs to cite to the fact (referenced in the Complaint) that HRM transferred a well to Defendant Painted Pegasus Petroleum ("P3") *after* P3 was already in bankruptcy (the "Post Bankruptcy Transfer"). Choosing not to address this allegation in their Motion to Dismiss [ECF 30], Defendants waited until their Reply Brief to introduce new factual evidence to argue that the original allegations in Plaintiffs' Complaint are untrue, warrant dismissal, and violate Fed. R. Civ. P. 11. This is precisely the kind of improper, untimely introduction of novel issues that courts routinely allow parties to address via sur-reply.[1]

## LEGAL STANDARD

As recently observed by this Court, this district's Local Civil Rules do not address the procedure for a sur-reply. *See Well Master Corp. v. Flowco Prod. Sols., LLC,* 2023 WL 6808140 at *1 (D. Colo. Oct. 16, 2023). Nevertheless, a nonmoving party should

---

[1] Plaintiffs attach the proposed sur-reply along with this motion, and request that it be formally lodged as accepted in the ECF system if leave is granted.

generally be given an opportunity to respond to "new material" raised for the first time in a movant's reply. *See Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005). "New material" includes both new evidence and new legal arguments. *See id.* (citing *Doebele v. Sprint/United Mgmt. Co.*, 342 F.3d 1117, 1139 n.13 (10th Cir. 2003)). A court may either (1) choose not to rely on the new arguments in determining the outcome of the motion, or (2) permit the non-moving party to file a sur-reply. *See EEOC v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007).

## **DISCUSSION**

In their Reply, Defendants raise new, serious, and misleading arguments related to the Post Bankruptcy Transfer – and do so via improperly introduced evidence, which presents a disingenuous account of the events by falsely implying that a disputed fact is actually a settled issue. Reply at 9 n.4.

In the Complaint, Plaintiffs allege that HRM transferred an additional well to P3 *after* P3 was in bankruptcy. Compl. ¶¶ 132-35. Defendants chose not to address the Post Bankruptcy Transfer in their Motion to Dismiss. Now, in their Reply, and attaching a declaration and an email in support, Defendants claim that Plaintiffs' allegation regarding the Post Bankruptcy Transfer was made in "bad faith," thereby violating Fed. R. Civ. P. 11.[2] These are exactly the circumstances that justify filing a sur-reply.

Although Plaintiffs referenced this issue in the Introduction to their Opposition Brief, Defendants' Reply, for the first time, introduces new extrinsic evidence in an effort

---

[2] The "evidence" Defendants rely on was in their possession before they filed the Motion to Dismiss.

3

to convince the Court that HRM never transferred any well to P3 after P3 was in bankruptcy. But that issue is very much in dispute, and, as the proposed sur-reply explains, Plaintiffs have a good faith basis for their allegations and arguments. What's more, as set forth in the sur-reply, the record suggests that upon learning of the Complaint, defense counsel's law firm took steps to quietly modify the evidence held at ECMC, the relevant regulatory agency. Having successfully done so, Defendants now accuse Plaintiffs' counsel of Rule 11 violations in the Reply Brief simply because Plaintiffs are unwilling to accept what Defendants now claim in footnote 4 of their Reply Brief: that this otherwise damning evidence was simply a "recordkeeping mistake."

Plaintiffs should be given the opportunity to respond to the serious but meritless accusations levelled against them (and their counsel) and ensure that this Court has a fair record as to the Post Bankruptcy Transfer. Plaintiffs would otherwise be "[robbed]…of the opportunity to demonstrate that the record does not support [Defendant's] factual assertions…." *Stump v. Gates,* 211 F.3d 527, 533 (10th Cir. 2000).

## **CONCLUSION**

For the foregoing reasons, and so the Court can decide the Motion to Dismiss on a more complete record, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file a short, 6-page sur-reply to the HRM Defendants' Reply, which sur-reply is filed contemporaneously herewith. A proposed form of order is attached for the consideration and convenience of the Court.

Dated this 25th day of June, 2024, in Denver, Colorado.

<u>*s/ Christopher Carrington*</u>
Christopher P. Carrington
**RICHARDS CARRINGTON, LLC**
1444 Blake Street, Denver, Colorado 80202
Telephone: 303-962-2690
Email: chris@richardscarrington.com
*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2024, I electronically filed the foregoing **MOTION FOR LEAVE TO FILE SUR-REPLY TO HRM DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Richard B. Benenson
Justin L. Cohen
Matthew C. Arentsen
Max Porteus
BROWNSTEIN HYATT FARBER SCHRECK, LLP
rbenenson@bhfs.com
jcohen@bhfs.com
marentsen@bhfs.com
mporteus@bhfs.com

And via electronic mail:
John Hoffman
johnghoffman@icloud.com

                                             *s/ Dyanna Spicher*
                                             Dyanna Spicher, Paralegal