UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:24-cv-00823-CNS-MEH**

CINDY McCORMICK; RONALD McCORMICK; and TRUPP LAND MANAGEMENT LLC,
 Plaintiffs,

v.

HRM RESOURCES, LLC, a Delaware limited liability company;
HRM RESOURCES II, LLC, a Delaware limited liability company;
HRM RESOURCES III, LLC, a Delaware limited liability company;
HRM RESOURCES IV, LLC, a Delaware limited liability company;
L. ROGER HUTSON, an individual; TERRY PAPE, an individual;
PAINTED PEGASUS PETROLEUM, LLC, a Texas limited liability company; and JOHN HOFFMAN, an individual
 Defendants.

**JOINT PROTECTIVE ORDER**

**Michael E. Hegarty, United States Magistrate Judge.**

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of certain confidential information, it is hereby ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a) and shall include, without limitation, regardless of how it is generated, stored, or maintained, any electronic or hard copy emails, writing, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information, whether written, oral, or any other form, that is confidential and implicates the privacy or business interests of the parties, including but not limited to: medical information, nonpublic personal or business financial information, personal identifiable information, private personnel information, nonpublic contracts, trade secrets, other proprietary business information or processes, and any other categories that are later agreed to in writing by the parties or ordered by the Court.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed or made available in any way to any person other than:

    a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    b. the parties, including their designated representatives and counsel;

   c. expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

   d. the Court and its employees ("Court Personnel") and the jury at trial;

   e. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   f. deponents, witnesses, or potential witnesses for purposes of the litigation, e.g. in the course of deposition or trial preparation and testimony;

   g. the pertinent governmental authority (or authorities) in the instance of a present significant health and safety issue;

> Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 4(g), the party wishing to disclose CONFIDENTIAL information shall give written notice to the designating party, identifying the alleged present significant health and safety issue, the CONFIDENTIAL information relevant to that issue that the party wishes to disclose, and the governmental authority (or authorities) to which the party wishes to disclose the information. The designating party will have ten (10) days to object, in whole or in part, to the proposed disclosure, specifying in writing the portions of the identified CONFIDENTIAL information subject to objection and/or the governmental authority (or authorities) that the designating party believes should not receive the CONFIDENTIAL information. Upon objection, the Parties shall meet and confer in "good faith". If the parties cannot resolve the discovery dispute within ten (10) days, the parties shall jointly contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. The party seeking to disclose CONFIDENTIAL information under sub-paragraph 4(g) shall have the burden of demonstrating to the Court that the CONFIDENTIAL information it seeks to disclose evidences a present significant health and safety issue and that disclosure to each governmental authority to which the party wishes to disclose the CONFIDENTIAL information is reasonably necessary to protect against the present significant health and safety issue.

   h. anyone as otherwise required by law or court order; and

   i. other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto as Exhibit A) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Any information designated by a party as CONFIDENTIAL must first be reviewed by the party's attorney who will certify that the designation as CONFIDENTIAL is based on a good-faith and reasonable belief that the information is CONFIDENTIAL or otherwise implicates a common law or statutory privacy interest.

7. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided on hard disks, magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as "CONFIDENTIAL" in a written communication, including, but not limited to email, by entitling the electronic file as "CONFIDENTIAL," or through other appropriate designation as set forth in Paragraph 6 above.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation should be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within **thirty (30) days** after receipt of the notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL information until the thirty-day period has expired.

9. In the event a non-party or another party produces documents that a party wishes in good faith to designate as CONFIDENTIAL, the party wishing to make that designation must do so within fifteen (15) days of receipt, and identify the CONFIDENTIAL document(s) or CONFIDENTIAL information by bates label or, where not bates labeled, by document title and page number(s). The designating parties shall thereafter mark the document or information CONFIDENTIAL and reproduce the document or information. The party making the CONFIDENTIAL designation must also, within seven (7) days of the designation, notify the parties (including any producing non-party) via email or traditional mail that the designating party has made a CONFIDENTIAL designation under this Paragraph 9 and identify the documents or information to which the designation applies. A party may object to the designation of particular CONFIDENTIAL information under this Paragraph 9 by following the objection protocols in Paragraph 10 below.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. Pursuant to D.C.COLO.MJ VI.2, the Parties shall meet and confer in "good faith" in accordance with D.C.COLO.LCivR 7.1(a). If the parties cannot resolve the discovery dispute within **ten business days** after the time the notice is received, the parties shall **jointly** contact Chambers pursuant to the discovery dispute procedures set forth in D.C.COLO.MJ VI.3–4. If this procedure is timely pursued, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court issues a ruling on the dispute. If this procedure is not timely pursued, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Production of any document or materials without a designation of confidentiality or an incorrect designation will not be deemed to waive a later claim as to its proper designation nor will it prevent the producing party from designating said documents or material "CONFIDENTIAL" at a later date.

12. If a party intends to file any CONFIDENTIAL material or information with the Court, either as an attachment to a filing or contained within a filing, the filing party shall notify the designating party's counsel. Absent an agreement between the parties that

the CONFIDENTIAL material need not be filed with a public access restriction under D.C.COLO.LCivR 7.2, the filing party must file the CONFIDENTIAL material with a Level 1 restriction under D.C.COLO.LCivR 7.2. The party that wishes for the CONFIDENTIAL information to remain under restriction shall move to restrict access to the information in accordance with D.C.COLO.L.Civ.R. 7.2 within fourteen (14) days of the filing. Where reasonably possible, only the portions of the filings containing CONFIDENTIAL information shall be filed with the Court under restriction. The party moving to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

13. Unless other arrangements are agreed upon in writing by the parties, within **thirty days** of the final determination of this action and any appeal, each person or party who has received CONFIDENTIAL information shall be obligated to return the CONFIDENTIAL information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENTIAL information, including any copies, and certify that it has been destroyed. The receiving party, however, need not destroy or return (a) any Confidential information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL information.

14. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of

CONFIDENTIAL information pursuant to this Protective Order. However, the Court will not retain jurisdiction over a matter once the case is closed.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 8th day of August, 2024.

| RICHARDS CARRINGTON, LLC | BROWNSTEIN HYATT FARBER SCHRECK, LLP |
|---|---|
| */s/ Christopher Carrington* | */s/ Matthew C. Arentsen* |
| Christopher P. Carrington<br>1444 Blake Street<br>Denver, Colorado 80202<br>Phone: 303-962-2690<br>Email:chris@richardscarrington.com | Richard B. Benenson<br>Justin L. Cohen<br>Matthew C. Arentsen<br>Max Porteus<br>675 15th Street, Suite 2900<br>Denver, Colorado 80202<br>Phone: 303-223-1100<br>Email: rbenenson@bhfs.com<br>        jcohen@bhfs.com<br>        marentsen@bhfs.com<br>        mporteus@bhfs.com |
| *Counsel for Plaintiffs* | *Counsel for HRM Resources, LLC, HRM Resources II, LLC, HRM Resources III, LLC, HRM Resources IV, LLC, L. Roger Hutson, and Terry Pape (collectively the "HRM Defendants")* |

DEFENDANT JOHN HOFFMAN (PRO SE)

*/s/ John Hoffman*
John Hoffman

Email: johnghoffman@icloud.com

DATED: 19th of August, 2024.

9

BY THE COURT:

_____
United States Magistrate Judge

## **EXHIBIT A**

AGREEMENT CONCERNING CONFIDENTIAL MATERIAL SUBJECT TO THE PROTECTIVE ORDER

I, the undersigned, hereby acknowledge I have read the Protective Order (the "Order") in *Cindy McCormick, et al. v. HRM Resources, LLC et al.,* 1:24-cv-00823-CNS-MEH, United States District Court for the District of Colorado. In consideration of being permitted to review confidential information, as described in the Order, I agree to comply with, and be bound by, the terms set out therein.

_____
Full Name and Title


_____          _____
Signature                         Date

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 19, 2024, I electronically filed the foregoing **JOINT PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Richard B. Benenson
Justin L. Cohen
Matthew C. Arentsen
Max Porteus
BROWNSTEIN HYATT FARBER SCHRECK, LLP
rbenenson@bhfs.com
jcohen@bhfs.com
marentsen@bhfs.com
mporteus@bhfs.com

And via electronic mail:
John Hoffman
johnghoffman@icloud.com

              *s/ Claire Webb*
              Claire Webb, Paralegal