IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00823-CNS-CYC

CINDY MCCORMICK,
RONALD MCCORMICK, and
TRUPP LAND MANAGEMENT LLC,

    Plaintiffs,

v.

HRM RESOURCES, LLC,
HRM RESOURCES II, LLC,
HRM RESOURCES III, LLC,
HRM RESOURCES IV, LLC,
L. ROGER HUTSON,
TERRY PAPE,
PAINTED PEGASUS PETROLEUM, LLC, and
JOHN HOFFMAN,

    Defendants.

_____

**ORDER**
_____

**Cyrus Y. Chung, United States Magistrate Judge.**

Seven months after the original scheduling order specifying unitary discovery entered in this case, *see* ECF No. 45 § 9(c), defendants HRM Resources, LLC; HRM Resources II, LLC; HRM Resources III, LLC; HRM Resources IV, LLC; L. Roger Hutson, and Terry Pape (the "HRM Defendants") seek to modify the order to bifurcate discovery to compel a merits evaluation prior to examining class certification. ECF No. 96. But their motion lacks good cause to modify the scheduling order. For the following reasons, the motion is **DENIED**.

On February 22, 2024, plaintiffs Cindy McCormick, Ronald McCormick, and Trupp Land Management LLC filed this putative class action in state court, alleging that the HRM Defendants sought to shirk their financial responsibility for plugging near-defunct oil and gas

wells by fraudulently transferring them to defendant Painted Pegasus Petroleum, LLC so that it could enter bankruptcy and discharge any such responsibility. ECF No. 4 ¶¶ 106–131. A month later, defendant HRM Resources IV, LLC removed the case to this Court pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4. ECF No. 1. The HRM Defendants then moved to dismiss the complaint, arguing that the plaintiffs failed to exhaust administrative remedies, lacked standing, and failed to state a claim. ECF No. 30. They also sought a stay of discovery on May 6, 2024, contending that their motion to dismiss ought to be decided first. ECF No. 34. Two days later, then-Chief Magistrate Judge Michael E. Hegarty entered a scheduling order providing that class certification motions would be filed by October 28, 2024; that fact discovery would conclude by December 20, 2024; that expert discovery would end May 9, 2025; and that dispositive motions would be due either forty-five days after the close of expert discovery or after a decision on class certification, whichever was later. ECF No. 45 § 9(b)–(d).

At the end of that month, Judge Hegarty granted the HRM Defendants' motion to stay discovery in part, allowing disclosures under Fed. R. Civ. P. 26(a)(1) and requests for production of documents under Fed. R. Civ. P. 34, but staying other discovery pending resolution of the motion to dismiss. ECF No. 51. That motion remained undecided in October 2024, when the parties asked that the deadline for class-certification motions be extended until a date thirty days following resolution of the motion to dismiss. ECF No. 78. They suggested no other modifications to the overall motions and discovery framework. Rather than specify an indeterminate deadline for such filing, Judge Hegarty stayed the deadline to file a motion for class certification and directed the parties to contact the Court for a status conference within fourteen days of the resolution of the motion to dismiss. ECF No. 80.

2

On January 14, 2025, the district judge denied the HRM Defendants' motion to dismiss, finding that the plaintiffs were not required to exhaust administrative remedies, that they had standing, and that they pled their claims sufficiently. *McCormick v. HRM Res., LLC*, No. 1:24-cv-00823-CNS-CYC, 2025 WL 90148 (D. Colo. Jan. 14, 2025). In the meantime, Judge Hegarty retired, and his responsibilities in this case were transferred to the undersigned. ECF No. 88. A week after resolution of the HRM Defendants' motion to dismiss, pursuant to Judge Hegarty's Order, ECF No. 80, the Court set a status conference for January 29, 2025. ECF No. 91. Shortly before the conference, the HRM Defendants emailed a position statement to the undersigned's chambers raising, for the first time, their position that discovery ought to be bifurcated, with merits discovery on the plaintiffs' individual claims preceding class certification discovery. *See* ECF No. 95. The Court ordered that the position be rearticulated as a motion, *see id.*, and this motion followed. ECF No. 96.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause obligates the moving party to 'provide an adequate explanation for any delay' . . . ." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020-21 (10th Cir. 2018). The focus of the inquiry is upon the movant's diligence with respect to the issue underpinning the modification request. *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see also Branhaven, LLC v. Neogen Corp.*, No. 1:18-cv-329, 2019 WL 13208473, at *3 (W.D. Mich. Oct. 15, 2019) (noting, in request to modify scheduling order to bifurcate liability and damages, that "[t]he good cause inquiry focuses on the 'moving party's diligence in attempting to meet the case management order's requirements' and 'the possible prejudice to the party opposing the modification'" (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002))); *Onyx Pharms., Inc. v. Bayer Corp.*, No.

3

C-09-2145 EMC, 2011 WL 4527402, at *2 (N.D. Cal. Sept. 21, 2011) (requiring defendant "to demonstrate good cause or otherwise explain how it has acted diligently" to modify scheduling order to bifurcate legal and equitable claims). There, the HRM Defendants fall short.

After all, their first mention of discovery bifurcation came just before a January 29, 2025 status conference, nearly a year after the action was filed in state court. Guideposts at which the HRM Defendants could have alerted the plaintiffs or the Court of a desire to seek bifurcation passed in May 2024, when the scheduling order was signed, and in October 2024, when the parties asked for an extension of the class-certification motion deadline. Courts have held that failing to move for bifurcation "four months after" a Rule 26(f) report belies a finding of diligence, *Orange Cnty. Coastkeeper v. R.J. Noble Co.*, No. 8:21-cv-01233-FWS-DFM, 2022 WL 3013156, at *2 (C.D. Cal. Jun. 30, 2022), and the HRM Defendants' delay in raising the issue far exceeds that threshold.

The HRM Defendants protest. They contend first that efficiency, not diligence, should guide the good-cause analysis. ECF No. 100 at 1-2; *see* ECF No. 96 at 9-16. But "Rule 16(b)'s 'good cause' standard, which 'primarily considers the diligence of the party seeking the amendment,'" *Orange Cnty. Coastkeeper, 2022 WL 3013156, at *2* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)), is not "equivalent to the court's evaluation of the propriety of bifurcating proceedings under Rule 42(b) '[f]or convenience,' 'to avoid prejudice,' 'to expedite,' or to 'economize.'" *Id.* (quoting Fed. R. Civ. P. 42(b)). Nor does *Deleon v. Time Warner Cable*, 2:09-cv-02438-AG-RNB, 2009 WL 10674767 (C.D. Cal. Nov. 2, 2009), hold otherwise. There, the motion to bifurcate did not seek to modify an existing scheduling order, *see Deleon*, 2009 WL 10674767; Notice of Motion and Motion to Bifurcate Discovery, *Deleon v. Time Warner Cable*, 2:09-cv-02438-AG-RNB (C.D. Cal. Oct. 7, 2009),

4

ECF No. 36; Scheduling Order, *Deleon v. Time Warner Cable*, 2:09-cv-02438-AG-RNB (C.D. Cal. Oct. 19, 2009), ECF No. 46, and, accordingly, there was no occasion to address good cause.

The HRM Defendants pivot. By reviewing their documents and more fully understanding the strength of their summary judgment motion, they say, they have exercised diligence. ECF No. 100 at 2-6. But that argument elevates hope over reason.

For one thing, the HRM Defendants concede that they had reviewed some documents underpinning their summary judgment theory by September 2024 at the latest. ECF No. 100 at 2-3. That, of course, was a month before they had agreed to a joint motion maintaining the scheduling order's framework for class-certification briefing preceding dispositive motions. ECF No. 78. They aver that the documents produced in December 2024 provided a more fulsome picture of the issues for summary judgment, ECF No. 100 at 3, but "[t]he long and the short of it is that even if this motion is predicated on information that was not" completely "in hand until a month ago, these are matters that could have and should have been discovered far before that and long before that." *Husky Ventures, Inc.*, 911 F.3d at 1021 (alterations omitted). The HRM Defendants' assertion that the press of other matters prevented them from learning necessary information earlier rings hollow; for aught that appears, the December 2024 documents are of the same ilk as those from September 2024 — and, moreover, these were all the HRM Defendants' own documents.

For another, the HRM Defendants' proposal posits that a party can upend an agreed-upon scheduling framework with a newfound strategy, buoyed by their review of their own documents in the case. But a "change in litigation strategy do[es] not amount to diligence." *Onyx Pharms., Inc.*, 2011 WL 4527402, at *2. Thus, "altering the scheduling order to comport with" a new "defense strategy and to bifurcate discovery, which is a significant departure than what was

5

originally agreed" does not "suffice[] as good cause under Rule 16." *Silva v. Connected Invs., Inc.*, No. 7:21-cv-74-BO, 2022 WL 3083326, at *3 (E.D.N.C. Aug. 2, 2022); *see Negrete v. Fla. Ins. Servs.*, No. 4:23-cv-00251-RGE-SBJ, 2024 WL 470370, at *2 (S.D. Iowa Feb. 6, 2024) ("To the contrary, implementation of Defendant's proposed 'initial discovery phase' at this belated point, while unilaterally beneficial to Defendant, is unjust and prejudicial to Plaintiff."). To be sure, as the HRM Defendants suggest, no party has perfect knowledge of its case prior to litigation. ECF No. 100 at 4. But it is difficult to see how altering an agreed-upon framework a year into the case and only after the denial of a motion to dismiss is anchored in diligence instead of strategic shift.

The HRM Defendants have a final shot in their sling. "[F]act discovery thus far," they say, "reveals Plaintiffs' individual claims to be so weak that efficiency would be maximized if, before Plaintiffs move for class certification, [they] were given leave to move for summary judgment." *Wesley v. Samsung Elecs. Am., Inc.*, Civ. No. 20-18629-JMV-AME, 2022 WL 2870200, at *2 (D.N.J. July 21, 2022); *see* ECF No. 96 at 9-15. But efficiency alone does not guide the analysis. And, in all events, bifurcation's "efficiency gains are dubious, particularly in light of the difficulty in parsing class and merits discovery." *Wesley*, 2022 WL 2870200, at *3. After all, "[i]n the wake of the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), district courts have been 'reluctant to bifurcate class-related discovery from discovery on the merits.'" *Singh v. Lenovo (United States) Inc.*, Civ. No. CCB-20-1082, 2021 WL 1516032, at *1 (D. Md. Apr. 16, 2021) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012) and collecting cases). "Given that the distinction between class certification and merits discovery is murky at best and impossible to determine at worst, separating merits and class discovery raises a slew of issues as to what discovery relates to the

6

class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two." *Id.* (internal quotation marks and alterations omitted). Indeed, the HRM Defendants concede that merits discovery and class discovery here overlap significantly, ECF No. 96 at 15, rendering the benefits of bifurcation far from certain.

The short of it is that the HRM Defendants have not shown the sort of diligence that Fed. R. Civ. P. 16(b)(4) requires to demonstrate good cause, and the efficiency gains they tout are not entirely clear. For the foregoing reasons, the HRM Defendants' Motion To Modify Scheduling Order, ECF No. 96, is **DENIED**. The Court sets the following deadlines:

Class certification motions: May 9, 2025

Deadline to add parties and request punitive damages: September 5, 2025

Fact discovery cutoff: November 7, 2025

Expert discovery cutoff: April 3, 2026

"In doing so, the Court notes Defendant[s] [are] not foreclosed from proceeding with [their] own discovery in an expeditious, focused manner and submitting dispositive matters for the Court's consideration when appropriate." *Negrete*, 2024 WL 470370, at *2. To the extent that the HRM Defendants believe that early resolution of their dispositive motions will contribute to efficiency in this case, they are free to request such a motion in line with Judge Sweeney's practice standards. *See* CNS Standing Order Regarding Fed. R. Civ. P. 56 Motions § III.

SO ORDERED this 7th day of March, 2025 at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge