IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:24-cv-00823-CNS-CYC**

CINDY McCORMICK;
RONALD McCORMICK; and,
TRUPP LAND MANAGEMENT LLC,

    Plaintiffs,

v.

HRM RESOURCES, LLC,
HRM RESOURCES II, LLC,
HRM RESOURCES III, LLC,
HRM RESOURCES IV, LLC,
L. ROGER HUTSON,
TERRY PAPE,
PAINTED PEGASUS PETROLEUM, LLC, and
JOHN HOFFMAN,

    Defendants.

---

**HRM DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

---

Defendants HRM Resources, LLC, HRM Resources II, LLC, HRM Resources III, LLC, HRM Resources IV, LLC, L. Roger Hutson, and Terry Pape (collectively "HRM Defendants"), through undersigned counsel, submit the following Motion to Strike Portions of Plaintiffs' Reply In Support of Motion for Class Certification, or in the Alternative, for Leave to File Sur-Reply to Plaintiffs' Motion for Class Certification, and in support state the following:

1

**Certificate of Compliance with D.C.COLO.LCivR 7.1(a):** Counsel for the HRM Defendants has conferred with counsel for Plaintiffs regarding this Motion. Plaintiffs oppose the relief requested herein.

## I.   INTRODUCTION

On May 9, 2025, Plaintiffs filed their Motion for Class Certification [Dkt No. 107] ("Motion" or "Mot."), seeking to certify a class under Rules 23(b)(2) and 23(b)(3). The HRM Defendants filed their Response in Opposition to the Motion on June 30, 2025 [Dkt No. 116] ("Opposition" or "Opp.").[1] On July 28, 2025, Plaintiffs filed their Reply in Support of the Motion [Dkt No. 123] ("Reply"), in which Plaintiffs put forth an entirely new legal argument that was not raised in the Motion. Pursuant to D.C.COLO.LCivR 7.1(d), the HRM Defendants move to strike the new legal argument in Plaintiffs' Reply, or in the alternative, request leave to file a short sur-reply to address Plaintiffs' new legal argument.

In their Reply, Plaintiffs argue—for the first time—that the classwide injunctive relief they seek is actually "the creation of a third-party administered fund to be used for plugging, reclamation, and remediation of Wells that still require cleanup." (Reply at 11.) They go on to argue that this injunctive relief, a fund to abate the alleged trespass, is "uniform across the Class." (*Id.*) The problem is that nowhere in their Motion do Plaintiffs mention a fund, let alone assert that they seek a fund as part of their classwide injunctive relief. And while the Request for Relief section in Plaintiffs' Complaint mentions a fund and receiver to administer the fund "*if appropriate*" (Compl. at 36–37 (emphasis added)),

---

[1] Unless otherwise defined, the same abbreviations used in the HRM Defendants' Response in Opposition to Plaintiffs' Motion for Class Certification ("Opposition" or "Opp.") are used in this motion.

Plaintiffs must set out in their Motion what relief they are seeking for the class and meet the requirements of Rule 23(b)(2), including stating in the Motion the terms of the injunctive relief they seek specifically and describing it in reasonable detail. *See Monreal v. Potter*, 367 F.3d 1224, 1236 (10th Cir. 2004) (describing requirement that injunctions be "specific in terms" and "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained"); *N. Brevard Cnty. Hosp. Dist. v. C.R. Bard, Inc.*, 710 F. Supp. 3d 1090, 1102 (D. Utah 2023) (denying Rule 23(b)(2) class where class certification motion did not contain sufficient detail regarding injunctive relief sought and emphasizing Tenth Circuit requirement that plaintiffs describe injunctive relief in reasonably particular detail "at class certification stage"); *see also* Opp. at 12. Plaintiffs did not do that. In fact, Plaintiffs did not specify at all in their Motion what injunctive relief they were seeking, leaving the HRM Defendants to guess (until the Reply was filed) based on the Complaint's vague Request for Relief section.

In short, for the first time on Reply, Plaintiffs take an entirely new position with respect to the relief they seek. Because Plaintiffs introduced this brand new legal argument—that the injunctive relief they seek is primarily a third-party administered (and seemingly court-supervised) fund to be used to clean up the Wells—for the first time on Reply, the Court should strike this argument or deem it waived. In the alternative, the Court should allow the HRM Defendants to file a sur-reply to address this new legal argument.[2]

---

[2] The proposed Sur-Reply that the HRM Defendants request be accepted by the Court—in the alternative to the HRM Defendants' request that the Court strike Plaintiffs' new legal argument—is being filed contemporaneously with this motion as Exhibit 1 to the motion.

3

## II. **LEGAL STANDARD**

The consideration by the Court of issues raised for the first time by a movant in a reply brief "robs the [non-moving party] of the opportunity to demonstrate that the record does not support [the moving party's] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). Therefore, "arguments raised for the first time in a reply brief are generally deemed waived," *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011), and district courts within the Tenth Circuit have granted motions to strike such newly raised arguments. *See, e.g.*, *Hubbard v. Nestor*, 2019 WL 339823, at *1 (D. Colo. Jan. 25, 2019).

If the new argument is not stricken or waived, a non-moving party should be given an opportunity to respond to the new argument raised for the first time in a movant's reply. *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *see also E.E.O.C. v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo. 2007) ("When a party puts forth new arguments in a reply brief, a court may avoid error by (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply."). While sur-replies are not contemplated by this district's local rules, courts in the Tenth Circuit permit sur-replies when new evidence or legal arguments are raised for the first time in a movant's reply. *See, e.g.*, *Green*, 420 F.3d at 1196; *Schott v. University of Denver*, 2023 WL 6048792, at *1–2 (D. Colo. Sept. 15, 2023).

4

### III. ARGUMENT

A. <u>The Court Should Strike Plaintiffs' New Legal Argument in Their Reply Relating to Injunctive Relief.</u>

In their Reply, Plaintiffs introduce a new legal argument relating to the injunctive relief Plaintiffs apparently seek, which should be deemed waived and/or stricken by the Court. Why Plaintiffs included this new argument is evident. Plaintiffs' Motion did not contain any details whatsoever about the injunctive relief they seek. Instead, Plaintiffs dedicated only one paragraph to arguing in conclusory fashion that they satisfy Rule 23(b)(2). (Mot. at 12.)

The HRM Defendants were then forced to assume, based on the Complaint's vague Request for Relief section, that Plaintiffs sought an injunction to remove the Wells from the Orphaned Well Program ("OWP"), take away the ECMC's exclusive jurisdiction over the Wells, and require the HRM Defendants to clean up the Wells under the Court's supervision. After all, that is seemingly what the Complaint contemplates. (*See* Compl. at 36 (requesting a declaration that "Plaintiffs are entitled to an injunction or other relief *directing Defendants to abate the trespass*" and to "*reimpose* the plugging, reclamation, and remediation *obligations…back onto transferor HRM*" (emphasis added)).) But, as the HRM Defendants explained in their Opposition, Plaintiffs must provide *evidence* satisfying the requirements of Rule 23. (Opp. at 3–4.) Specifically, Rule 23(b)(2) requires Plaintiffs to specifically state in their Motion the terms of the proposed injunctive relief and describe in reasonable detail the acts restrained or required. (*Id*. at 12–13.) Additionally, relief

5

specifically tailored to each class member must not be necessary to correct the defendants' allegedly wrongful conduct. (*Id.*)

Apparently recognizing that they failed to meet Rule 23(b)(2)'s strict requirements in their Motion, Plaintiffs claim in their Reply that the true injunctive relief they seek is a litigation *fund* to be used to clean up the Wells. (Reply at 11.) Why Plaintiffs raise this new "injunctive" relief and related legal argument now is evident: they are attempting an end-run around the specifically tailored issues attendant to the true relief they seek—the plugging, abandonment, and remediation ("PA&R") of each at-issue Well—by arguing that a fund in and of itself is uniform injunctive relief across the class (when a fund is not injunctive relief, and is not uniform because it still needs to be administered for PA&R). But, until Plaintiffs' Reply, a fund appeared to be an alternative afterthought to Plaintiffs—to be used only if the Court deemed it appropriate. (*See* Compl. at 36–37 (requesting multiple forms of relief primarily, as well as "If appropriate, create a fund" and "If appropriate, appoint a receiver to take charge of and administer this fund")). Regardless, Plaintiffs cannot escape the fact that they did not mention a fund as part of their injunctive relief in their Motion (nor did they argue, as they do now, that a fund would be uniform relief across the putative class). Therefore, this is a new legal argument on Reply that has been waived and/or should be stricken. *Harrell*, 642 F.3d at 918; *Nestor*, 2019 WL 339823, at *1.

Plaintiffs may try to argue that the HRM Defendants opened the door to this argument in mentioning the possibility of a fund in their Opposition. (*See* Opp. at 23.) Not so. That was in the context of Plaintiffs' *Rule 23(b)(3)* damages class, not the injunctive

6

relief class Plaintiffs seek to certify under Rule 23(b)(2). And that matters because Rules 23(b)(2) and 23(b)(3) have different legal standards. The HRM Defendants did not know Plaintiffs considered a fund to be a part of their *injunctive relief* because Plaintiffs had never once mentioned it until their Reply, and therefore the HRM Defendants did not address a fund with respect to the proposed Rule 23(b)(2) class in their Opposition. Plaintiffs' injunctive relief fund argument on Reply was a brand new argument that had not been raised by either party in the class certification briefing. Therefore, the new argument was waived and/or should be stricken.

B. In the Alternative, the Court Should Grant the HRM Defendants Leave to File a Sur-Reply to Respond to Plaintiffs' New Argument.

Plaintiffs' new argument "robs [the HRM Defendants] of the opportunity to demonstrate that the record does not support [Plaintiffs'] factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result." *Gates*, 211 F.3d at 533. As explained above, Plaintiffs' Motion only contained one paragraph on their Rule 23(b)(2) class and did not state what injunctive relief they seek. (*See* Mot. at 12.) Plaintiffs' Reply, on the other hand, mentioned and focused (for the first time) on a third-party administered fund as a form of injunctive relief. (Reply at 11.) Though the HRM Defendants briefly addressed a fund in their Opposition related to the Rule 23(b)(3) class, they did not and have not had the chance to respond to this new argument in the Reply and argue why a fund does not meet the distinct requirements of Rule 23(b)(2). Therefore, if the Court does not deem this new argument waived or strike it, the HRM Defendants should be entitled to a sur-reply to respond to this new argument. *See Schott*, 2023 WL

6048792, at *1–2 (sur-reply permitted where new argument not explicitly raised in motion and raised for first time on reply).

## IV. CONCLUSION

For the foregoing reasons, the HRM Defendants respectfully request the Court grant Defendants' Motion to Strike Portions of Plaintiffs' Reply in Support of Motion for Class Certification, or in the Alternative, for Leave to File Sur-Reply to Plaintiffs' Motion for Class Certification, and accept the Sur-Reply filed contemporaneously herewith as Exhibit 1.

DATED September 4, 2025.

/s/ Matthew C. Arentsen
Richard B. Benenson, #32566
Justin L. Cohen, #44811
Matthew C. Arentsen, #45021
Max Porteus, #56405
Madeleine L. Tayer, NY Bar #5683545
BROWNSTEIN HYATT FARBER SCHRECK, LLP
675 15th Street, Suite 2900
Denver, Colorado 80202
Phone: 303-223-1100
Fax: 303-223-1111
Email: rbenenson@bhfs.com
         jcohen@bhfs.com
         marentsen@bhfs.com
         mporteus@bhfs.com
         mtayer@bhfs.com

*Attorneys for Defendants HRM Resources, LLC, HRM Resources II, LLC, HRM Resources III, LLC, HRM Resources IV, LLC, L. Roger Hutson and Terry Pape*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on September 4, 2025, I electronically filed a true and correct copy of the foregoing **HRM DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** via the CM/ECF system which will send notification of such filing upon all counsel of record. I further certify that I electronically served a true and correct copy of the foregoing upon John Hoffman, the pro se defendant.

Christopher P. Carrington
Ben Hudgens
Zigmas Polinauskas
Richards Carrington, LLC
1444 Blake Street
Denver, CO 80202
Phone: (303) 962-2690
Email: chris@richardscarrington.com
ben@richardscarrington.com
zigmas@richardcarrington.com

Scott C. Borison
Borison Firm LLC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Phone:301-620-1016
Email: scott@borisonfirm.com

Camille Sippel
Setareh Homayoni
Benjamin Segal
ClientEarth USA, INC.
4192 Marcasel Avenue
Los Angeles, CA 90066
Phone: 605-397-7951
Email: csippel@clientearth.org
shomayoni@clientearth.org
bsegal@clientearth.org

John Stevens Rossiter, Jr.
ClientEarth USA, Inc.
501 Santa Monica Boulevard, Suite 510
Santa Monica, CA 90401
Phone: 925-890-1306
Email: jayrossiter5@gmail.com
*Counsel for Plaintiffs*

John Hoffman
3201 Bayshore Drive
La Porte, TX 77571
Phone: 713-962-0708
johnghoffman@icloud.com

*Pro se Defendant*

      */s/ Kathleen M. Stehling*
      Kathleen M. Stehling, Paralegal