# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:24-cv-00823-CNS-CYC**

CINDY McCORMICK;
RONALD McCORMICK; and,
TRUPP LAND MANAGEMENT LLC,

      Plaintiffs,

v.

HRM RESOURCES, LLC,
HRM RESOURCES II, LLC,
HRM RESOURCES III, LLC,
HRM RESOURCES IV, LLC,
L. ROGER HUTSON,
TERRY PAPE,
PAINTED PEGASUS PETROLEUM, LLC, and
JOHN HOFFMAN,

      Defendants.

---

## HRM DEFENDANTS' SUR-REPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

---

**EXHIBIT**

**1**

Defendants HRM Resources, LLC, HRM Resources II, LLC, HRM Resources III, LLC, HRM Resources IV, LLC, L. Roger Hutson, and Terry Pape (collectively "HRM Defendants"), through undersigned counsel, submit the following Sur-Reply to Plaintiffs' Reply ("Reply") in Support of Motion for Class Certification ("Motion" or "Mot.") [Dkt. 107].[1]

## I.    INTRODUCTION

In their Motion, Plaintiffs ask the Court to certify a Rule 23(b)(2) and 23(b)(3) class. This Sur-Reply addresses Plaintiffs' attempt to certify a Rule 23(b)(2) class. Even though it is Plaintiffs' burden to meet the requirements of Rule 23 and submit evidence in support of class certification, Plaintiffs only dedicated a single paragraph in their Motion to arguing that they satisfy Rule 23(b)(2). In short, Plaintiffs argued in their Motion that final injunctive relief and corresponding declaratory relief are appropriate for the proposed class as a whole because Defendants' actions affect Named Plaintiffs and the proposed class the same. Plaintiffs did not expound on what injunctive relief they actually seek—only vaguely referencing "relief that includes injunctive and corresponding declaratory relief for the entire Class." (Mot. at 12.)

In drafting their Opposition, the HRM Defendants were left to guess from the Complaint what injunctive relief Plaintiffs actually sought with the Motion, and then addressed why that assumed injunctive relief was not appropriate for class certification. (*See* Opp. at 12–18; Compl. at 36 (requesting (1) declaration of "continuing trespass such that Plaintiffs are entitled to an injunction or other relief directing Defendants to abate the

---

[1] Unless otherwise defined, the same abbreviations used in the HRM Defendants' Response in Opposition to Plaintiffs' Motion for Class Certification ("Opposition" or "Opp.") are used in this Sur-Reply.

trespass"; (2) "reimpos[ition of] the plugging, reclamation, and remediation obligations associated with the fraudulently transferred wells back onto transferor HRM"; and (3) injunction "directing Defendants to abate the trespass").) From the Complaint, the HRM Defendants (reasonably) believed Plaintiffs sought an injunction reimposing PA&R obligations onto the HRM Defendants and directing Defendants to abate the trespass via PA&R. But *according to Plaintiffs* in their Reply, that is not the injunctive relief they seek. Rather, for the first time in this lawsuit, on Reply, Plaintiffs claim that the injunctive relief they seek is a "*third-party administered fund* to be used for plugging, reclamation, and remediation of Wells that still require cleanup," and that such a fund is uniform across the Class and "imposes the same concrete clean-up obligations applicable to all oil and gas operators, which the Court can order." (Reply at 11 (emphasis added).)

But to the extent the purpose of the fund is to give class members or some third party money, that would be monetary relief under Rule 23(b)(3), not injunctive relief under Rule 23(b)(2). And to the extent the purpose of the fund is court-supervised PA&R of the Wells that are in ECMC's OWP, that suffers from all the defects the HRM Defendants identified in their Opposition. (*See* Opp. at 13–18.) Seemingly realizing that this injunctive relief would be too complex and individually tailored to meet the requirements of Rule 23(b)(2) (after having the benefit of the HRM Defendants' arguments on this issue), Plaintiffs attempt a sleight of hand to try to avoid addressing the HRM Defendants' arguments. They would have the Court believe that all along the injunctive relief they have sought was a fund, and that a fund can meet the requirements of Rule 23(b)(2), even if an administered program for PA&R cannot. But that is not the case. In effect, Plaintiffs

2

are attempting to convince the Court to overlook (i) that a fund is not injunctive relief in and of itself, and (ii) that the fund administration process (and reason for) the fund (i.e., the PA&R of the Wells) prevents class certification. This Hail Mary attempt cannot save Plaintiffs' Motion. Even if Plaintiffs sought a fund all along (which they have not), a fund is not proper injunctive relief, and would still require a complex and individually tailored distribution and administration process overseen by the Court, which takes the Wells away from ECMC's purview and does not meet the requirements of Rule 23(b)(2). The Court should deny Plaintiffs' Motion, including denying certification of Plaintiffs' Rule 23(b)(2) class.

## II.    ARGUMENT

### I.    A Fund Is Not Injunctive Relief.

Rule 23(b)(2) allows class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." F.R.C.P. 23(b)(2); *see also Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008). Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class; it does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360 (2011). Injunctive relief directs a party to act or refrain from acting. *Belgrave v. Greene*, 2000 WL 35526417, at *4 (D. Colo. Dec. 5, 2000). For class certification under Rule 23(b)(2) to be appropriate, injunctive or declaratory relief must be

3

the predominant remedy requested for class members; if the relief is predominately money damages, certification under Rule 23(b)(2) is not appropriate. *See Boughton v. Cotter Corp.*, 65 F.3d 823, 827 (10th Cir. 1995) (affirming denial of class certification where primary relief sought, medical monitoring, was considered money damages).

Though the Complaint appears to request injunctive relief in the form of cleanup of the Wells, Plaintiffs now claim that the injunctive relief they seek is different: a fund (to ultimately be used to clean up the Wells), which they argue is uniform across the putative Class. (Reply at 11.) If the purpose of the fund is to give class members or a third party money, it is not appropriate for a Rule 23(b)(2) class because that is monetary relief, not injunctive relief. *See, e.g.*, *Harding v. Tambrands Inc.*, 165 F.R.D. 623, 632 (D. Kan. Mar. 15, 1996) (finding that a fund to pay for medical monitoring was primarily money damages and not appropriate to certify class under Rule 23(b)(2)); *Rink v. Cheminova, Inc.*, 203 F.R.D. 648, 665 (M.D. Fla. 2001) (same); *Lewallen v. Medtronic USA, Inc.*, 2002 WL 31300899, at *3 (N.D. Cal. Aug. 28, 2002) (same). Indeed, by definition, a "fund" is necessarily related to money. The Court should not certify a Rule 23(b)(2) class for such a fund.

If, however, the fund is meant to be administered by the Court to PA&R the Wells, which seems to be the case based on Plaintiffs' Reply, the PA&R process (the actual injunctive relief sought) must meet the requirements of Rule 23(b)(2), which it does not. Two sentences after claiming that they seek a fund, Plaintiffs claim that they "seek to abate Defendants' trespass, which can be accomplished via full cleanup of the Wells." (Reply at 11.) Plaintiffs then claim in the next sentence that *In re Methyl Tertiary Butyl*

4

*Ether Products Liability Litigation*, 209 F.R.D. 323 (S.D.N.Y. 2002) supports their position

because it "recognized that injunctions are allowed where relief is tied to compliance with

an already existing regulatory scheme—exactly what Plaintiffs seek here." (Reply at 12.)

This suggests that the injunctive relief Plaintiffs truly seek is cleanup of the Wells. Neither

*Methyl* nor any of the cases *Methyl* cited for this proposition involved the creation of a

*fund* to be used to comply with an existing regulatory scheme (and, regardless, there is

no regulatory scheme in Colorado that requires *prior* operators to fund PA&R of *orphaned*

*wells*). 209 F.R.D. at 345. In sum, it appears that Plaintiffs are not even clear on what

exact injunctive relief they seek,[2] or they are adapting their framing to whatever is most

convenient for them in any given legal argument. Plaintiffs must pick a lane and cannot

have it both ways.

Of course, PA&R of wells requires money, and a fund can facilitate that injunctive

relief. But Plaintiffs' pivot to labeling the fund as their injunctive relief rather than PA&R

---

[2] This is also evidenced by the conflicting and oftentimes vague answers Plaintiffs provided during their depositions when asked what relief they were seeking. (*Compare* Reply Appx. A at Row 2 (C. McCormick Dep.: "Q: What is your understanding of the allegations in this lawsuit, broadly? A: … **what is their responsibility, and that is basically capping any wells that are not capped, cleaning up, basically repurposing the land underneath and aboveground, and making the land whole**…"), *with id.* at Row 13 (R. McCormick Dep.: "Q What relief are the plaintiffs seeking from the Court? A: …**I don't care who cleans it up. I just want them to pay for it**."), *with id.* at Row 21 (R. Trupp Dep.: "Q: So in paragraph F you seek to . . . **reimpose plugging, reclamation, and remediation obligations back onto the HRM defendants**, or . . . to enter a judgment for one and a half the amount the necessary to satisfy the claims. Is this a request for relief that you are still seeking in this lawsuit? A: Certainly . . . **I'd like to hold companies liable for what they should do**."), *and id.* at Row 22 (R. Trupp Dep.: "Q: Is **it fair to say that the essence of the request for relief is to remove the at-issue wells from the State's ward so that they can be decommissioned**? A: **Yeah, that and probably just to, I guess, force somebody to do what's right** so this doesn't happen again elsewhere. ") (emphasis added).)

itself is merely a ploy to avoid addressing the HRM Defendants' substantive arguments about why PA&R does not meet the requirements of Rule 23(b)(2). The Court should not fall for this attempt to use a fund as an end-run around the pitfalls of the PA&R relief actually sought by Plaintiffs, which requires Court supervision of a complex regulatory process involving Wells in the purview of a state agency, as outlined below.

II. Even if a Fund Was Proper Injunctive Relief, Plaintiffs Still Do Not Meet the Requirements of Rule 23(b)(2).

If the true injunctive relief Plaintiffs seek is a monetary fund to be administered to clean up the Wells (which is actually injunctive in nature), that relief does not meet the requirements of Rule 23(b)(2).

To certify a class under Rule 23(b)(2), (1) the classwide injunctive relief must satisfy the limitations of Rule 65(d), namely that the relief "state[s] its terms specifically; and describe in reasonable detail…the act or acts restrained or required" ("Specificity Requirement"); and (2) relief specifically tailored to each class member must not be necessary to correct the defendants' allegedly wrongful conduct ("Non-Tailored Relief Requirement"). *Shook*, 543 F.3d at 604. The Specificity Requirement mandates that a class certification motion contain reasonably particular detail as to the injunctive relief sought, including what specific acts the court is to restrain or how it is to craft an injunction. *See id.*; *N. Brevard Cnty. Hosp. Dist. v. C.R. Bard, Inc.*, 710 F. Supp. 3d 1090, 1115 (D. Utah 2023). The Non-Tailored Relief Requirement bars certification where redressing the class members' injuries requires time-consuming inquiry into the individual circumstances

6

of class members. *Shook*, 543 F.3d at 604. Plaintiffs failed to meet these requirements in their Motion and again failed to do so in their Reply.

Specificity Requirement. Plaintiffs claim on Reply that they seek "the creation of a third-party administered fund to be used for plugging, reclamation, and remediation of Wells that still require cleanup." (Reply at 11.) But this description is not sufficient to establish a fund for this purpose, as Plaintiffs do not specify how the fund is supposed to be administered or who would oversee the allocation of the funds for Well plugging and cleanup (let alone how the PA&R process through the fund would work). For example, if a Well is in the process of being cleaned up by ECMC, would the fund pay for ECMC to finish the process? Would it pay ECMC directly to administer cleanup of the Wells? Or would it pay for an HRM entity or a different third-party contractor to step in and finish the work for ECMC? Would a class member get a choice in the matter? And if so, how would that class member's choice be informed? Indeed, even if there is a fund to pay for cleanup, Plaintiffs would still need ECMC's involvement in the Well cleanup process that is supposed to occur with the monies in the fund, as ECMC is the agency that oversees orphaned well cleanup in Colorado.[3] And, practically speaking, a fund for PA&R would

---

[3] Furthermore, Plaintiffs seek to declare the transfer between HRM II and P3 a fraudulent transfer and avoid the transfer "to the extent necessary" to reimpose PA&R obligations back onto the HRM Defendants. (*See* Compl. at 36.) But that would seem to conflict with the establishment of a fund that the HRM Defendants are supposed to pay into. If the transfer to P3 was avoided, the Wells would go back into HRM II's possession, which would (under Plaintiffs' theory) place the responsibility for the actual PA&R work back onto HRM II. That (1) is not the injunctive relief Plaintiffs have now asked for in their Reply, and (2) would further require ECMC approval because HRM II is not the current the operator of the Wells, which are in the OWP. This is yet another example of Plaintiffs contradicting themselves repeatedly with respect to the class certification relief they seek and presenting a half-baked proposal that does not meet Rule 23's requirements.

still require the Court to oversee a detailed process that takes the Wells out of ECMC's

purview in the OWP, and then figure out how to PA&R each Well in accordance with state

regulations. For all of the reasons explained in the Opposition, that implicates a host of

issues that defeat class certification. (*See* Opp. at 14–17.)

Plaintiffs make no convincing effort to argue otherwise[4] or describe how they think

the PA&R process should go, nor do they appear to have thought any of this through,

instead taking a "figure it out later" approach. But that is not how class certification works

and that is not the standard Plaintiffs must meet—given that it is *their burden* to meet the

requirements of Rule 23. *See N. Brevard Cnty. Hosp. Dist.*, 710 F. Supp. 3d at 1100,

1115 (Rule 23(b)(2) certification improper where plaintiff's "sweeping, conclusory request

lacks any reasonably particular detail as to the injunctive relief sought and fails to

describe…how [the Court] is to craft an injunction" (cleaned up)); *Midland Pizza, LLC v.

Southwestern Bell Telephone Co.*, 277 F.R.D. 637, 640–41 (D. Kan. 2011) (Rule 23(b)(2)

certification improper where plaintiff did not suggest how court could craft or enforce

injunction); *Maldonado v. Ochsner Clinic Foundation*, 493 F.3d 521, 524 (5th Cir. 2007)

(Rule 23(b)(2) certification improper where plaintiffs failed to specify injunctive relief

sought). Just as in *Shook*, where the plaintiffs did not adequately explain what it would

---

[4] For example, Plaintiffs argue that "HRM cannot reasonably suggest that ECMC would disapprove the cleanup of the Wells," and that ECMC's Director Julie Murphy states in her Declaration that ECMC must approve the Wells' cleanup, but never indicates that ECMC would withhold approval for the Wells. (Reply at 12–13 & n.20.) That is a red herring. Of course, ECMC supports the cleanup of the Wells—it is presently engaging in that cleanup process through the OWP. The point is that ECMC must be involved in this injunctive relief because the Wells are in its purview and it is the state regulator, and the Court should not (and indeed, cannot) be instructing non-party ECMC what to do or overseeing work for Wells that are in the exclusive purview of ECMC.

mean to accomplish the injunctive relief they were seeking (adequate mental health staff, screening, and a system for delivering medication to inmates), Plaintiffs here "have eschewed any effort to give content to what it would mean" to establish and administer a fund for Well cleanup. 543 F.3d at 606.

Non-Tailored Relief Requirement. Though a fund might appear "uniform" on its face, as Plaintiffs argue, the distribution of monies in the fund and ultimate cleanup of the Wells (which the fund would presumably be established to do) would still require time-consuming inquiry into the individual circumstances of each putative class member's land and Well, as explained in the Opposition. (*See* Opp. at 17–18.) For example, that inquiry would require, among other things, a determination as to how monies should be allocated to fund cleanup of each individual Well—which are at different stages in the PA&R process—and would require individual assessments as to how much money it will take to PA&R each Well and what technically needs to be done to PA&R each Well. (*See id.*) Such a highly individualized inquiry across the Wells is not appropriate for Rule 23(b)(2) certification. *See Shook*, 543 F.3d at 604 (explaining that time-consuming inquiries into individual circumstances or characteristics of class members undermines value in proceeding as class action); *Fincher ex rel. Fincher v. Prudential Prop. & Cas. Ins. Co.*, 374 F. App'x 833, 847–48 (10th Cir. 2010) (no Rule 23(b)(2) certification where relief was highly individualized amongst the class); *Ammons v. La-Z-Boy, Inc.*, 2008 WL 5142186, at *18 (D. Utah Dec. 5, 2008) (no Rule 23(b)(2) certification where court could not conceive of a "one-size-fits-all" injunction that could apply to the class and relief must be tailored to fit the circumstances). For these reasons and the reasons explained in the

9

Opposition, this relief would require a specifically tailored process per putative class member, which precludes Rule 23(b)(2) certification. (Opp. at 17–18.) Plaintiffs once again make no effort to argue otherwise, seemingly resting their case on labeling their injunctive relief as a "fund." That does not come close to meeting the requirements of Rule 23.

### III.     CONCLUSION

The HRM Defendants respectfully request that the Court deny Plaintiffs' Motion for Class Certification.


DATED September 4, 2025.

> /s/ Matthew C. Arentsen
> Richard B. Benenson, #32566
> Justin L. Cohen, #44811
> Matthew C. Arentsen, #45021
> Max Porteus, #56405
> Madeleine L. Tayer, NY Bar #5683545
> BROWNSTEIN HYATT FARBER SCHRECK, LLP
> 675 15th Street, Suite 2900
> Denver, Colorado 80202
> Phone: 303-223-1100
> Fax: 303-223-1111
> Email: marentsen@bhfs.com
>        jcohen@bhfs.com
>        mporteus@bhfs.com
>        mtayer@bhfs.com
>
> *Attorneys for Defendants HRM Resources, LLC, HRM Resources II, LLC, HRM Resources III, LLC, HRM Resources IV, LLC, L. Roger Hutson and Terry Pape*

10

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I electronically filed a true and correct copy of the foregoing **HRM DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** via the CM/ECF system which will send notification of such filing upon all counsel of record. I further certify that I electronically served a true and correct copy of the foregoing upon John Hoffman, the pro se defendant.

Christopher P. Carrington
Ben Hudgens
Zigmas Polinauskas
Richards Carrington, LLC
1444 Blake Street
Denver, CO 80202
Phone: (303) 962-2690
Email:  chris@richardscarrington.com
ben@richardscarrington.com
zigmas@richardcarrington.com

Scott C. Borison
Borison Firm LLC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Phone:301-620-1016
Email: scott@borisonfirm.com

Camille Sippel
Setareh Homayoni
Benjamin Segal
ClientEarth USA, INC.
4192 Marcasel Avenue
Los Angeles, CA 90066
Phone: 605-397-7951
Email: csippel@clientearth.org
shomayoni@clientearth.org
bsegal@clientearth.org

John Stevens Rossiter, Jr.
ClientEarth USA, Inc.
501 Santa Monica Boulevard, Suite 510
Santa Monica, CA 90401
Phone: 925-890-1306
Email: jayrossiter5@gmail.com

*Counsel for Plaintiffs*

John Hoffman
3201 Bayshore Drive
La Porte, TX 77571
Phone: 713-962-0708
johnghoffman@icloud.com

*Pro se Defendant*

/s/ *Kathleen M. Stehling*
Kathleen M. Stehling, Paralegal

11