IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-00823-CNS-CYC

CINDY MCCORMICK,
RONALD MCCORMICK and
TRUPP LAND MANAGEMENT LLC,

  Plaintiffs,

v.

HRM RESOURCES, LLC, a Delaware limited liability company,
HRM RESOURCES II, LLC, a Delaware limited liability company,
HRM RESOURCES III, LLC, a Delaware limited liability company,
HRM RESOURCES IV, LLC, a Delaware limited liability company,
L. ROGER HUTSON,
TERRY PAPE,
A PAINTED PEGASUS PETROLEUM, LLC, a Texas limited liability company and
JOHN HOFFMAN,

  Defendants.

---

## ORDER

---

  Before the Court is Plaintiffs' Motion for Class Certification, ECF No. 107, and HRM Defendants' Motion to Strike Portions of Plaintiffs' Reply In Support of Motion for Class Certification, Or In The Alternative, For Leave to File Sur-Reply To Plaintiffs' Motion for Class Certification, ECF No. 132.[1] For the following reasons, the Court GRANTS Plaintiffs' certification motion and DENIES Defendants' strike motion. In doing so, the

---

[1] The Court does not address Plaintiffs' pending exclusion motion, *see* ECF No. 124, and Plaintiffs' amendment motion has been referred to the magistrate judge.

Court presumes familiarity with the allegations in Plaintiffs' Complaint, the parties' certification briefing and attendant evidentiary submissions, and the legal standards governing the Court's certification analysis. *See, e.g.,* Fed. R. Civ. P. 23; *White v. Gen. Motors LLC*, No. 1:21-cv–00410–CNS–MEH, 2023 WL 3278460, at *2–3 (D. Colo. May 5, 2023).

## I.    ANALYSIS

The Court has carefully reviewed the parties' certification briefs. At bottom, the parties dispute whether Plaintiffs have met their Rule 23(a) and Rule 23(b) burdens and therefore shown that class certification is proper. *Compare* ECF No. 107 at 10, *with* ECF No. 116 at 8. The Court first addresses the parties' Rule 23(a) arguments, concluding that Plaintiffs have met their burden as to each Rule 23(a) requirement, and then turns to Rule 23(b), concluding Plaintiffs have likewise met their burdens under Rule 23(b)(2) and Rule 23(b)(3).

### A. Rule 23(a)

#### i.    *Numerosity*

The Court agrees with Plaintiffs that they have met their numerosity burden. *See* Fed. R. Civ. P. 23(a)(1); ECF No. 107 at 11.

Defendants argue that Plaintiffs have not because "the only 'evidence' Plaintiffs submit to support numerosity is a list of supposed putative class members" identified by Devin Dickey, whose identification method (identifying putative class members through a tax record search) Defendants challenge as inadequate. ECF No. 116 at 11. But the Court rejects Defendants' argument that Mr. Dickey's identification method was inadequate

because he should have instead "perform[ed] a title search," as it is the "only [adequate] method" in this case for determining numerosity. *Id.* at 11–12. Mr. Dickey thoroughly outlined his identification method, using publicly available information from Adams and Weld County Assessors to identify "the names of the surface owner(s) of each parcel of land where the well or related equipment is located," ECF No. 107-2 at 2, including various tax records and documents to confirm "the owner of the property for each location where a well or related equipment on the list of wells provided [was] located," *id.* at 3. This is evidence, and the list of purported class members it produced, is sufficient for showing numerosity. *See, e.g., White¸*2023 WL 3278460, at *8; *Colorado Cross Disability Coal. v. Abercrombie & Fitch Co*., 765 F.3d 1205, 1215 (10th Cir. 2014) ("Plaintiffs must offer *some* evidence of established, ascertainable numbers constituting the class." (citation modified) (emphasis added)).

Moreover, that Mr. Dickey testified there was an alternative identification method— even one arguably more precise than the one he deployed, insofar as this alternative method could account for title defects—does not mean Plaintiffs have failed to meet their numerosity burden by a preponderance of the evidence. *See* ECF No. 116-6 at 16. Nor does it doom certification that Mr. Dickey is not a designated expert. *See, e.g., Reynoso v. All Power Mfg. Co*., No. SACV 16–1037 JVS JCG(x), 2018 WL 5906645, at *5 (C.D. Cal. Apr. 30, 2018) ("[E]xpert testimony may not always be necessary for class certification."). Especially where, in testifying about his identification method, Mr. Dickey explained the objective criteria used in arriving at his calculations for potential class members, and the public records used in arriving at these calculations. *See id.* In sum,

the methodology used by Mr. Dickey is enough to show, at a minimum, there are sufficient potential class members—by his calculations, at least one hundred—such that joinder would be impracticable. *See, e.g.,* Fed. R. Civ. P. 23(a)(1). Particularly where, as noted above, Mr. Dickey clearly used objective criteria to identify potential class members in arriving at this conclusion. *See* ECF No. 107-7 at 2–3; ECF No. 107 at 11.[2]

  ii.  *Commonality*

  The Court agrees with Plaintiffs that they have met their commonality burden. *See* Fed. R. Civ. P. 23(a)(2); ECF No. 106 at 12.

  Defendants contend that Plaintiffs "failed to prove commonality," ECF No. 116 at 12, because fundamentally "each property and Well are unique, [and therefore] dissimilarities across the class impede the generation of common answers," *id.* at 13. But the Court agrees with Plaintiffs that any likely differences in class members' "applicable contracts," *id.*, or even possible property differences, do not preclude commonality, *see* ECF No. 123 at 9–10. Indeed, Defendants' briefing reveals the fatally speculative nature of their argument. *See, e.g.,* ECF No. 116 at 12–13 ("[L]ikely all putative class members' Wells are subject to some contract that varies obligations."); *id.* at 13 n.6 ("These contracts *are likely* surface use agreements ("SUAs"), surface damage agreements ("SDAs"), or plugging agreements that control the rights and obligations of the parties, successors, and assigns.") (emphasis added). Such speculation is insufficient to show

---

[2] Defendants challenge the class's ascertainability on the same ground. *See* ECF No. 116 at 12. The Court rejects Defendants' ascertainability challenge for the same reason it does their challenge to Plaintiffs' numerosity showing. *See White*, 2023 WL 3278460, at *6 (concluding plaintiffs met ascertainability burden where class was "defined with reference to objective criteria[,] membership criteria . . . establish[ed] a definite boundary, and class membership [was] capable of being determined under" the plaintiff's class definition (citation modified)).

Plaintiffs have failed to meet their commonality burden. *See, e.g., Van v. LLR, Inc.*, 61 F.4th 1053, 1068 (9th Cir. 2023) ("We do not permit a defendant to support its invocation of individualized issues with mere speculation."). At worse, it invites the Court to scrutinize the parties' briefing for *non-common* contentions—rather than ask if Plaintiffs have met their burden of showing at least *one common* contention—and the Court declines this invitation. *Sherman v. Trinity Teen Sols., Inc.*, 84 F.4th 1182, 1193 (10th Cir. 2023) ("The district court's analysis misapplied Rule 23(a)'s commonality inquiry by scrutinizing the proposed class for noncommon issues, rather than common ones.").

Regardless, even if such distinctions do exist, Plaintiffs correctly argue that "[a] finding of commonality requires only a single question of law or fact common to the entire class." *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 914 (10th Cir. 2018) (citation modified). For example, "if the [P3] transfer was fraudulent, it was fraudulent as to all surface owners affected by it." ECF No. 107 at 13; *see also* ECF No. 123 at 9. Fundamentally, providing an answer to the question of whether such transfer was fraudulent—in Plaintiffs' words, "Defendants' scheme to dump liabilities"—presents, at a minimum, at least one question of law or fact that can resolve in a "single stroke." *Id. See also* ECF No. 107 at 7 ("The evidence regarding the motive, intent, and effect of Defendants' conduct will be the same for all Class members."); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 ("[A] common contention . . . must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.").

Whether Plaintiffs will ultimately prevail on the merits as to whether such a transfer was fraudulent—as either a doctrinal matter or factual matter, or both—does not bear, at the certification stage, on the Court's commonality analysis. Nor does it bar their ability to meet their commonality burden. *See id.* ("What matters to class certification . . .  is not the raising of common 'questions' . . . but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the *resolution* of the litigation." (citation modified)); *Alcantar v. Hobart Serv*., 800 F.3d 1047, 1053 (9th Cir. 2015) ("A common contention need not be one that will be answered, on the merits, in favor of the class." (citation modified)); *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1198 (10th Cir. 2010) ("Requiring Named Plaintiffs to prove all class members were inadequately monitored or are actually exposed to a threat of harm . . . at the certification stage would require them to *answer* the common question of fact or law, rather than just prove it exists.").

Fundamentally, Defendants' effort to generate individual issues per class member fail to persuade that Plaintiffs have not met their commonality burden. *Compare* ECF No. 116 at 13, *with Menocal*, 882 F.3d at 914; *and Milonas v. Williams*, 691 F.2d 931, 938 (10th Cir. 1982) ("[E]very member of the class need not be in a situation *identical* to that of the named plaintiff." (citation modified)). And Defendants' argument that class members may have individualized *damages*, *see* ECF No. 116 at 13, and therefore that Plaintiffs cannot show commonality has been rejected across the board. *See, e.g., Sibley v. Sprint Nextel Corp*., 254 F.R.D. 662, 673 (D. Kan. 2008) ("While determining damages will require individual calculations, this does not preclude a finding of commonality."). The

Court declines to indulge it, particularly where Plaintiffs have otherwise met their commonality burden. *See, e.g.,* Fed. R. Civ. P. 23(a)(2).

      *iii.*    *Typicality*

The Court agrees with Plaintiffs that they have met their typicality burden. *See* Fed. R. Civ. P. 23(a)(3); ECF No. 106 at 8.

Defendants resist, advancing several, unpersuasive arguments. *First*, Defendants argue that Plaintiffs have not met their typicality burden because, in their depositions, named plaintiffs did not know much about the nature of this lawsuit and their legal claims. *See, e.g.,* ECF No. 116 at 14. But this argument relies on a selective and flawed reading of the named plaintiffs' depositions. For example, Ms. McCormick testified that she understood the case to involve "other landowners in similar situation[s] . . . because of the bankruptcy and a company walking away, taking no responsibility when they were supposed to have responsibility." ECF No. 116-7 at 15; *see also id.* at 29. Moreover, Mr. McCormick declared that this action is about "leaving unplugged wells and related equipment on [his] land, and the land of others like [him]," ECF No. 107-5 at 1, underscoring that Plaintiffs have adequate knowledge of this case. Therefore, this argument fails to persuade Plaintiffs have not met their typicality burden. *Cf. Bodner v. Oreck Direct, LLC*, No. C 06–4756 MHP, 2007 WL 1223777, at *2 (N.D. Cal. Apr. 25, 2007) ("In light of plaintiff's *undeniable and overwhelming ignorance* regarding the nature of this action, the facts alleged, and the theories of relief against defendant, the court cannot conclude that he has met the threshold typicality or adequacy requirements of Rule 23(a).") (emphasis added).

*Second*, Defendants argue Plaintiffs are subject to a "unique defense" relative to other putative class members, given "the Well on their property has already been plugged" and the Energy and Carbon Management Commission (the Commission) "plans to reclaim their land by the end of 2026." ECF No. 116 at 15; *see also id.* (arguing that because named plaintiffs' "Well has already been plugged and will soon be remediated" that Defendants "will defend against [the plaintiffs'] claims" based on their "remedies [that] have already been (or will soon be) achieved"). But Plaintiffs have identified testimony from Ms. McCormick's deposition showing that a well remains on her property. *See* ECF No. 123-1 at 3. And the excerpts from Ms. McCormick's deposition that Defendants offer not only confirm this but also show that—consistent with Defendants' own acknowledgment that the Commission has not yet "reclaimed," ECF No. 116 at 15, her land—*no one*, including the Commission or Defendants, has provided a "timeline" for fully "decommission[ing] and remediat[ing]" her land, ECF No. 116-7 at 26. *See also* ECF No. 116-21 at 6.

This evidence is sufficient to show that Plaintiffs' claimed injuries have not been fully cured, thus rendering their claims typical to other putative class members. Regardless, "typicality does not require that every member of the class share a fact situation identical to that of the named plaintiff." *Sherman*, 84 F.4th at 1193 (citation modified). Particularly where, as indicated in the Court's commonality analysis, "the claims of the class representative and class members are based on the same legal or remedial theory," *Colorado Cross Disability*, 765 F.3d at 1216 (citation modified), which is Defendants' purported scheme to fraudulently avoid liability for their transfer of the oil

and gas wells, *see, e.g.,* ECF No. 107 at 6. *See also Stricklin*, 594 F.3d at 1199
("[T]ypicality exists where, as here, all class members are at risk of being subjected to the
same harmful practices, regardless of any class member's individual circumstances."
(citation modified)); *Nieberding v. Barrette Outdoor Living, Inc*., 302 F.R.D. 600, 610 (D.
Kan. 2014) ("[N]one of th[e] factual differences [that the defendant contended defeated
typicality] bear on the common inquiry required by plaintiff's theory of defect: whether the
[devices] were defective when sold.")

Defendants' efforts to repackage a possible *factual* distinction into a *unique
defense* that precludes typicality fail. *Compare* ECF No. 116 at 15; *and N. Brevard Cnty.
Hosp. Dist. v. C.R. Bard, Inc*., 710 F. Supp. 3d 1090, 1103 (D. Utah 2023) ("[The plaintiff's]
claims would be subject to unique defenses because it has arguably *not suffered any*
antitrust injury." (citation modified)), *with Marcus v. BMW of N. Am., LLC*, 687 F.3d 583,
598 (3d Cir. 2012) ("If a plaintiff's claim arises from the same event, practice or *course of
conduct* that gives rises to the claims of the class members, factual differences *will not
render that claim atypical* if it is based on the *same legal theory* as the claims of the class."
(citation modified)); *and In re Crocs, Inc. Sec. Litig*., 306 F.R.D. 672, 687 (D. Colo. 2014)
("[T]he fact that the Sanchez Group *may be subject to a statutory defense does not*
compromise the ability of the Sanchez Group to represent adequately the interests of the
absent class members." (citation modified)); *and Commander Properties Corp. v. Beech
Aircraft Corp*., 164 F.R.D. 529, 537 (D. Kan. 1995) ("Even where the class
representative's claim may be questionable due to a statute of limitations . . . defense,
typicality may be found if the claim itself is based on the same event or legal theory as

9

the class claims." (citation modified)). If anything, the Court agrees with Plaintiffs that the extent to which their land—or any putative class member's land—has been "remediated" speaks more to the damages to which Plaintiffs may be entitled, rather than the matter of their claims' typicality. *See* ECF No. 123 at 12; *Payne v. Tri-State CareFlight, LLC*, 332 F.R.D. 611, 661 (D.N.M. 2019) ("[D]ifferences in the amount of damages will not defeat typicality." (citation omitted)). The same reasoning applies to Defendants' flawed argument that Plaintiffs have failed to show typicality simply because Ms. McCormick seeks emotional distress damages and other named plaintiffs do not. *See* ECF No. 116 at 16.

Accordingly, Plaintiffs have met their typicality burden. *See* Fed. R. Civ. P. 23(a)(3).

        *iv.*    *Adequacy*

The Court agrees with Plaintiffs that they have met their adequacy burden. *See* ECF No. 107 at 15; Fed. R. Civ. P. 23(a)(4); *Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 126 (D. Colo. 2016). Defendants advance two contrary arguments, which the Court addresses and rejects in turn.

*First*, Defendants contend that Plaintiffs are inadequate class representatives due to their "lack of knowledge relating to their claims and allegations . . . ." ECF No. 116 at 16. In doing so, Defendants largely rehash similar arguments made in resisting typicality, focusing on Mr. McCormick's deposition testimony. *Compare id.*, *with id.* at 15. Defendants failed to persuade then and nothing's changed. Review of the relevant deposition testimony confirms this is not a circumstance where Mr. McCormick "does not

evince *any familiarity* with allegedly wrongful actions of [Defendants.]" *Ramos v. Banner Health*, No. 15–cv–2556–WJM–NRN, 2019 WL 646082, at *4 (D. Colo. Jan. 29, 2019) (citation modified). Indeed, as shown in the deposition excerpts Defendants themselves provide, Mr. McCormick identified Defendants, *see* ECF No. 116-8 at 8, and summarized that this lawsuit is "about them leaving their oil stuff on my property," *id.* at 9. *See also Gamboa v. KISS Nutraceuticals*, 777 F. Supp. 3d 1210, 1231 (D. Colo. 2025) ("[T]he class representative need only demonstrate a basic understanding of the class claims as well as an understanding of his or her duties as the class representative and a willingness to fulfill those duties." (citation modified)); *Lerner v. Haimsohn*, 126 F.R.D. 64, 67 (D. Colo. 1989) ("Generally, as long as the plaintiffs, as class representatives, know something about the case, even though they are not knowledgeable of the complaint's specific allegations, the class should be certified." (citation modified)).

Fundamentally, the deposition excerpts to which Defendants direct the Court undermine the arguments Defendants make in citing them. *Compare* ECF No. 116 at 14 n.10, *with* ECF No. 116-8 at 8.  And as for the argument Mr. McCormick is an inadequate class representative because he "often mispronounced [Defendants'] names," ECF No. 116 at 16, this is disingenuous and borders on insulting. The same is true of Defendants' argument that Ms. McCormick "knows nothing about" the Complaint's allegations. ECF No. 116 at 14 n.9. The basic act of reading her deposition refutes this overbroad and incorrect interpretation. Simply put, Defendants are free to advance arguments they believe defeat certification—or, later, the merits of Plaintiffs' claims—but do not enjoy a latitude to fold into their professional advocacy unpersuasive, irrelevant, and time-wasting

comments like these. Defendants can press their case without insulting Plaintiffs or, in Plaintiffs' words, "cherry-pick[ing]" depositions excerpts. ECF No. 123 at 13.

*Second*, Defendants argue that class counsel are inadequate class representatives. *See* ECF No. 116 at 17. The Court disagrees. In challenging counsel's adequacy, Defendants contend only one firm has class action experience, *id.*, that an attorney from that firm has not been "sufficiently involved" in this case, *id.* at 18, and that ClientEarth's "status as a 501(c)(3) charitable organization . . . casts doubt on its ability to adequately represent the putative class, especially because Plaintiffs (and the putative class) have significant financial interests at stake in this lawsuit," *id.* at 19. The Court disagrees on all counts.

Start from the bottom and work upward. The argument that ClientEarth is inadequate class counsel because it is a "charitable organization," *id.*, borders on frivolous. The Court agrees with Plaintiffs that ClientEarth's tax status has no bearing on its' or its attorneys' adequacy in the context of class certification. ECF No. 123 at 16. Indeed, comparable non-profit legal service organizations litigate on behalf of clients all the time, and do so without running afoul of Rule 23(a)(4). *See, e.g., Holmes v. Godinez*, 311 F.R.D. 177, 222 (N.D. Ill. 2015) ("Plaintiffs' counsel, experienced and qualified law firms and legal aid agencies, are more than capable of serving as adequate class counsel in this action."); *Pimentel v. Dreyfus*, No. C11–119 MJP, 2011 WL 321778, at *4 (W.D. Wash. Jan. 28, 2011).

Next, turn to Defendants' arguments about class counsel's experience and involvement in this case. These fail to persuade that Plaintiffs have failed to meet their

adequacy burden. "Absent evidence to the contrary, a presumption of adequate representation is invoked. Any doubt regarding adequacy of representation should be resolved in favor of upholding the class, subject to later possible reconsideration[.]" *Pliego*, 313 F.R.D. at 127. Here, counsel collectively have adequate class experience. *See, e.g.,* ECF No. 107-1 at 2–8; ECF No. 107-2 at 2–4. And Defendants fail to persuade that Mr. Borison has insufficiently engaged in representing Plaintiffs such that his representation of them is inadequate, or renders Plaintiffs unable to meet their adequacy burden. *See generally* ECF No. 107-1 at 2; *Pliego*, 313 F.R.D. at 127.

Fundamentally, "[t]here is no indication that counsel has conflicts of interest with any class members or that counsel will not vigorously prosecute this action on behalf of the class." *Douglas Cnty. Fed'n v. Douglas Cnty. Sch. Dist. RE-1*, 325 F.R.D. 355, 365 (D. Colo. 2018). Indeed, class counsel have already demonstrated their vigorous prosecution of this case, as evidenced by their motions practice and assembly of supporting evidence, including attorney affidavits, of their certification motion. *See Black Lives Matter 5280 v. City & Cnty. of Denver*, 338 F.R.D. 506, 511 (D. Colo. 2021); *White*, 2023 WL 3278460, at *12 ("Counsel has litigated this action through dismissal briefing and discovery, is qualified to serve as class counsel, and has provided thorough and competent briefing on the issue of class certification.").

Accordingly, Plaintiffs have met their adequacy burden. *See* Fed. R. Civ. P. 23(a)(4). Thus, given that Plaintiffs have met their Rule 23(a) burdens by a preponderance of the evidence, the Court turns to whether Plaintiffs have met their burdens under Rule 23(b). *See, e.g., White*, 2023 WL 3278460, at *13.

**B. Rule 23(b)**

Plaintiffs move for certification under Rule 23(b)(2) and Rule 23(b)(3), arguing they have met their certification burdens under both. *See generally* ECF No. 106. For the reasons set forth below, the Court agrees.

            i.       *Rule 23(b)(2)*

Plaintiffs move to certify under Rule 23(b)(2). *See* ECF No. 107 at 17. Defendants disagree, arguing that Plaintiffs have not met Rule 23(b)(2)'s requirements. *See* ECF No. 116 at 20. The Court rejects Defendants' Rule 23(b)(2) arguments, concluding that Plaintiffs have met their Rule 23(b)(2) certification burdens.

Rule 23(b)(2) provides that, where Rule 23(a)'s requirements are met, a "class action may be maintained" where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). *See also Wal-Mart*, 564 U.S. at 360 ("Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class."); *Anderson Living Tr. v. ConocoPhillips Co.*, LLC, 349 F.R.D. 365, 408–09 (D.N.M. 2025) (collecting cases and explaining background and purpose of Rule 23(b)(2) class actions); *Adamson*, 855 F.2d at 676 (noting Rule 23(b)(2) "contains no requirement of 'predominance' " (footnote omitted)).

Rule 23(b)(2) imposes two requirements. First, that "the defendants' actions or inactions must be based on grounds generally applicable to all class members." *Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008). And

second, "that final injunctive relief be appropriate for the class as a whole." *Id*. (emphasis omitted); *see also Martinez v. Reams*, No. 20–cv–00977–PAB–SKC, 2021 WL 603054, at *2 (D. Colo. Feb. 16, 2021).

Although the parties' briefs do not explicitly frame their Rule 23(b)(2) arguments in these terms, considering Rule 23(b)(2)'s two requirements in turn, *see Shook*, 543 F.3d at 604, the Court concludes Plaintiffs have satisfied them.

As for general applicability, Plaintiffs argue that "in their scheme to dodge clean-up obligations and leave trespassory Wells," ECF No. 107 at 17, Defendants "acted on grounds generally applicable to the entire Class," *id. See also id.* ("Defendants' actions in engineering the transfer of Wells . . . affect Named Plaintiffs and the proposed Class the same . . . by causing trespass on their lands.") Framing the issue as whether Plaintiffs have "prove[n] cohesiveness," ECF No. 116 at 20, construing Defendants' arguments as attendant to whether their actions "[are] based on grounds generally applicable to all class members," *Shook*, 543 F.3d at 604, Defendants fail to persuade that Plaintiffs have not met their generally applicable burden.[3]

---

[3] Defendants turn to *Shook* in advancing their cohesiveness argument. To be sure, *Shook* discussed a "cohesiveness" requirement attendant to Rule 23(b)(2). *See Shook*, 543 F.3d at 604. But *Shook* also made clear that, fundamentally, plaintiffs must meet the "two independent but related requirements" of general applicability and that "relief be appropriate for the *class as a whole.*" *Id.*; *see also* § 1775 Class Actions for Injunctive or Declaratory Relief Under Rule 23(b)(2)—In General, 7AA Fed. Prac. & Proc. Civ. § 1775 (3d ed.). Regardless, the Court considers Defendants' arguments, but situates them in its general applicability analysis. And even if the Court considers them attendant as to whether an injunction is an appropriate form of relief, as discussed further below these arguments likewise fail to persuade that Plaintiffs have not met their burden as to this second element of Rule 23(b)(2) certification.

*First*, Plaintiffs have set forth evidence and a proposed class definition, as well as a sufficiently specific request for injunctive relief, that satisfies Rule 65. *Cf.* ECF No. 116 at 19; *Shook*, 543 F.3d at 604. Here is Plaintiffs' proposed class definition:

> All persons who own, lease, or have an interest in surface land in the State of Colorado where such surface land has or had an oil or gas well that was transferred by HRM to Painted Pegasus.

ECF No. 4 at 27 ¶ 137. This proposed class definition is sufficiently specific and provides "reasonable detail" of the class for Rule 23(b)(2) purposes. *Shook*, 543 F.3d at 604 (citation modified). And so too does Plaintiffs' proposed request for relief satisfy Rule 65(d) and, by extension, Rule 23(b)(2). Plaintiffs seek injunctive relief in the form of requests that the Court:

- Enforce the Plaintiffs' private property rights by declaring that Defendants' failure to promptly plug, reclaim, and remediate its abandoned wells on Plaintiffs' properties constitutes continuing trespass such that Plaintiffs are entitled to an injunction or other relief directing Defendants to abate the trespass and awarding appropriate damages necessary to remedy their injuries; [and]

- Declare that the Transfer from HRM to Painted Pegasus constitutes a fraudulent transfer as defined by CUFTA.

ECF No. 4 at 36. At bottom, this is not a case where either Plaintiffs' request for injunctive relief, or the class definition upon which it is premised, are set forth at a "stratospheric level of abstraction." *Shook*, 543 F.3d at 604. Nor would granting such relief *rely* on individualized factual determinations as to each putative class member. *Cf id.* (affirming conclusion "putative class fail[ed] to satisfy" Rule 23(b)(2) because "much of the relief plaintiffs [sought] would require the district court to craft an injunction that distinguishes .

. . based on individual characteristics and circumstances"). Moreover, Plaintiffs describe the specific actions underpinning their request, *see* ECF No. 4 at 36, that render Defendants' cited cases inapposite and unpersuasive, *see* ECF No. 117 at 20; ECF No. 116-7 at 15; ECF No. 107-4 at 1; ECF No. 107-5 at 1. *See also In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 209 F.R.D. 323, 345 (S.D.N.Y. 2002) (finding requested injunction for "provision of clean water" and "remediation of contaminated wells" was "too broad" to satisfy Rule 65(d)).

To the extent that Defendants argue the Commission's approval of any action by Defendants that may flow from Plaintiffs' request for relief and the "complexities attendant to the relief they seek," ECF No. 117 at 20, is unpersuasive, given that the Commission, a non-party, is not "[the] injunction's *target* . . . ." *Andrews v. Andrews*, 160 F. App'x 798, 800 (10th Cir. 2005) (citation modified). Defendants elsewhere acknowledge as much. *See* ECF No. 116 at 23 ("[The Commission] has *neither been made a party* to this lawsuit nor sought to intervene." (citation modified)). And even if the Commission may ultimately be required to play some role in the *implementation* of any injunctive relief, this down-the-road responsibility is no basis for denying *class certification*, particularly where Plaintiffs have provided a sufficiently specific class definition and request for injunctive relief that satisfies Rule 65(d). *See Shook*, 543 F.3d at 604 ("[A]ny classwide injunctive relief [must] satisfy the limitations of Federal Rule Civil Procedure 65(d)—namely, the requirement that it 'state its terms specifically; and describe in reasonable detail . . . the act or acts restrained or required.'"). Defendants' citation to a case involving a temporary restraining order in support of its arguments is unpersuasive, where—again—Plaintiffs do not target

to seek to enjoin any of the Commission's conduct. *See Vreeland v. Jacobson*, No. 20–cv–02420–PAB–KAS, 2025 WL 560068, at *6 n.5 (D. Colo. Feb. 20, 2025) ("Mr. Vreeland seeks a restraining order *against* CDOC, who is no longer a party to this case.") (emphasis added).

*Second*, Defendants argue that any injunction that the Court may issue "is not in the public interest." ECF No. 116 at 23. This argument fails. In advancing it, Defendants try importing the standard for granting *an injunction* into the Court's Rule 23(b)(2) analysis, which turns to the specificity of the requested relief in the context of granting *class certification*. *See, e.g., Shook*, 543 F.3d at 604. Nothing about Rule 23(b)(2) and decisional law—even cases Defendants cite—rely on any public interest effect in determining whether a plaintiff has met their certification burden. *See id.* The other cases Defendants marshal in advancing this argument likewise do not persuade. *See, e.g., In re Propulsid Prods. Liab. Litig.*, 208 F.R.D. 133, 147 (E.D. La. 2002). This not an instance where the Court seeks to—or even would—at the class certification stage "lead the scientific community into an area of medical science," *id.*, or tell the Commission what to do, or substitute its judgment for that of the Commission, *see* ECF No. 116 at 23.

*Third*, Defendants contend that Plaintiffs have not met their Rule 23(b)(2) burden because "[t]he relief here would also need to be specifically tailored to each class member." ECF No. 116 at 24. This argument is essentially a reprisal of Defendants' typicality and commonality arguments. *See id.* So the Court reprises its conclusion: This fails to persuade, for the reasons set forth above, that Plaintiffs have not or cannot meet their Rule 23(b)(2) burdens. *See, e.g.,* § 1775 Class Actions for Injunctive or Declaratory

Relief Under Rule 23(b)(2)—In General, 7AA Fed. Prac. & Proc. Civ. § 1775 (3d ed.)
("What is necessary is that the challenged conduct or lack of conduct be premised on a
ground that is applicable to the entire class."); *Adamson v. Bowen*, 855 F.2d 668, 676
(10th Cir. 1988) ("That the claims of individual class members may differ factually should
not preclude certification under Rule 23(b)(2) of a claim seeking the application of a
common policy." (citation modified)). And Defendants' speculation that the Court "cannot
assume that every landowner with a Well on their property" wants Defendants' oversight
enjoys no basis in law or fact that might otherwise justify denial of Plaintiffs' certification
motion. ECF No. 116 at 25. *Cf.* § 1775 Class Actions for Injunctive or Declaratory Relief
Under Rule 23(b)(2)—In General, 7AA Fed. Prac. & Proc. Civ. § 1775 (3d ed.) ("All the
class members need not be aggrieved by or desire to challenge defendant's conduct in
order for some of them to seek relief under Rule 23(b)(2).").

* * *

The Court risks repeating itself, but the implementation or administrability of an
injunction comes later—as does the determination as to whether Plaintiffs have
succeeded on the *merits* of their claims, thus justifying such relief. Right now, the Court
is tasked only with determining whether Plaintiffs have met Rule 23(b)(2)'s certification
requirements. Defendants' fundamental efforts to distract from this analysis fail.

At bottom, the Court is tasked with assessing the class's general applicability and
whether "final injunctive relief [would] be appropriate for the class as a whole." *Shook*,
543 F.3d at 604. The Court agrees with Plaintiffs that they have met their general
applicability burden, given they challenge Defendants' scheme common to the class. *See,*

*e.g.,* ECF No. 107 at 17. The Court also agrees with Plaintiffs that relief in the form of an injunction is appropriate, *see id.*, given—as discussed above—it is sufficiently cohesive, and there is no class "manageability" issue as to whether Defendants engaged in such a common scheme in a manner that has affected and injured putative class members, *see Shook*, 543 F.3d at 604. Fundamentally, "the class members' injuries [are] sufficiently similar that they can be addressed in a single injunction . . . ." *Id.* And therefore Plaintiffs have met the requirement that an injunction is an appropriate remedy, underscoring the conclusion that certification of Plaintiffs' class under Rule 23(b)(2) is proper. Construing Defendants' arguments as attendant to both general applicability and this second Rule 23(b)(2) requirement for appropriate relief, they fail to persuade otherwise. *See also D.B.U. v. Trump*, 349 F.R.D. 228, 241 (D. Colo. 2025) (considering "cohesiveness" arguments as attendant to "relief appropriate to the class").

ii.    *Rule 23(b)(3)*

The parties agree that the Court's Rule 23(b)(3) analysis centers on whether Plaintiffs have met their predominance and superiority burdens. *Compare* ECF No. 107 at 17, *with* ECF No. 116 at 25. *See also White*, 2023 WL 3278460, at *13, 16 (explaining predominance and superiority analyses). Addressing each requirement in turn, the Court agrees with Plaintiffs that they have met these burdens and therefore that certification under Rule 23(b)(3) is proper.

**Predominance.** Defendants argue that Plaintiffs have not met their predominance burden because, fundamentally, "individualized issues predominate over common issues." ECF No. 116 at 25; *id.* at 31 ("The precise event that the predominance

requirement is meant to prevent—hundreds of mini-trials—would need to occur here."). However, the Court agrees with Plaintiffs that "common class questions predominate," ECF No. 107 at 17, such that they have met their predominance burden.

In advancing their predominance arguments, Defendants direct the Court to elements of Plaintiffs' causes of action, contending that consideration of those elements reveals that the nature of Plaintiffs' claims is impermissibly individualized. *See, e.g.,* ECF No. 116 at 26, 28; *Black v. Occidental Petroleum Corp.*, 69 F.4th 1161, 1175 (10th Cir. 2023) ("[T]he predominance inquiry begins with the elements of the underlying cause of action." (citation modified)); *White*, 2023 WL 3278460, at *13. But, discussed below, consideration of Plaintiffs' causes of action and their elements does not render Plaintiffs' claims, or the claims of class members, so individualized as to preclude Rule 23(b)(3) certification.

Take Plaintiffs' trespass claims. *See* ECF No. 4 at 29. Defendants argue "Plaintiffs do not show any trespass-related damages across the class, and the nature of trespass is a factual, individualized inquiry." ECF No. 116 at 27. The Court bristles at repeating itself, but Defendants' damages argument in the predominance context is wrong. *See, e.g., Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016) ( "When one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." (citation modified)).

But as for the "individualized [trespass] inquiry," ECF No. 116 at 27, the Court agrees with Plaintiffs that "trespass has [allegedly] occurred on every property with an abandoned Well and the surface owners of those properties are all entitled to the same relief." ECF No. 123 at 21; *see also* ECF No. 107 at 18 ("[T]he case turns on facts around the transfer of all the Wells as a package, not the particularities of any one Well."). This is sufficient to meet Plaintiffs' predominance burden as to their trespass claim, given that such trespass and attendant transfer "addresses a critical classwide piece of evidence and will not require individualized consideration that would belie class treatment." *CGC Holding Co., LLC v. Broad & Cassel*, 773 F.3d 1076, 1091 (10th Cir. 2014). Given the gravamen of Plaintiffs' claims concern the transfer, rather than, in their words, "the particularities of any one Well," ECF No. 107 at 18, the Court concludes the question of such transfer is "likely to drive the resolution of the litigation," especially as to Plaintiffs' trespass claims. *White*, 2023 WL 3278460, at *14 (citation modified); *CGC Holding*, 773 F.3d at 1087 ("[T]he predominance prong asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." (citation modified)); *Tyson Foods*, 577 U.S. at 453.

Simply put, there is a common issue as to Plaintiffs' trespass claim—whether such a transfer was proper, and resulted in the improperly prolonged physical presence of unplugged wells, equipment, and material—subject to class-wide proof that outweighs any individual issues as to class members' wells, property, or damage. *See, e.g., White*, 2023 WL 3278460, at *13; § 4:50. The predominance requirement—Two-step analysis,

2 Newberg and Rubenstein on Class Actions § 4:50 (6th ed.) ("The predominance analysis logically entails two steps—the characterization step and the weighing step: a court must first *characterize* the issues in the case as common or individual and then *weigh* which predominate."); *Hoery v. United States*, 64 P.3d 214, 217 (Colo. 2003) (observing trespass elements, including "a *physical intrusion upon the property of another* without the proper *permission* from the person legally entitled to possession of that property." (citation modified)).

Turning to Plaintiffs' CUFTA claim, which Defendants contend presents predominance problems because Plaintiffs must prove they have CUFTA standing, *see* ECF No. 116 at 27, that any CUFTA analysis will "require an individualized assessment of damages for each class member," *id.*, and that the Court must conduct individualized inquiries into class members' contractual rights, *id.* at 27. As for standing, the Court agrees with Plaintiffs that its prior conclusion dispenses with this argument, and Defendants' failure to put forth any contrary standing evidence, *id.*, does not disturb the Court's prior conclusion as to Plaintiffs' status as creditors for CUFTA purposes, and Defendants' status as CUFTA debtors, *see* ECF No. 90 at 11.

Regardless, the Court agrees with Plaintiffs that "no individual issues affect whether the transfer of the Wells was . . . wrongful," ECF No. 107 at 18, such as any difference in contractual rights between class members predominate over the common issue of whether Defendants' transfer was wrongful. Fundamentally, as to Plaintiffs' CUFTA claim, there is a common issue—whether the transfer itself was fraudulent and part of an improper scheme, resulting in injury to the class—subject to class wide proof.

Any individualized issues as to class members' contractual rights do not outweigh this common issue. *See, e.g., White*, 2023 WL 3278460, at *13; § 4:50. The predominance requirement—Two-step analysis, 2 Newberg and Rubenstein on Class Actions § 4:50 (6th ed.); *Lewis v. Emil Clayton Plumbing Co.*, 25 P.3d 1254, 1258 (Colo. App. 2000) (reciting CUFTA elements, including that "defendant engaged in an unfair or deceptive trade practice . . . in the course" of business, and that "the challenged practice caused the plaintiff's injury" (citation modified)).

As for Plaintiffs' negligence claim, Defendants recite elements of the claim and argue that the reasonableness of their actions demands a "fact-specific [inquiry] as to each putative class member," with an emphasis on causation. ECF No. 116 at 28. But Plaintiffs correctly observe that there is a common issue: "[Whether] dumping liabilities onto a bankruptcy-destined entity was unreasonable and contrary to Defendants' statutory and common law duties as to every Class member." ECF No. 123 at 21; *see also, e.g., Vigil v. Franklin*, 103 P.3d 322, 325 (Colo. 2004) (reciting negligence elements including the requirement that "the defendant owed a legal duty of care"). The common issue of whether this conduct caused Plaintiffs' injuries as a matter of negligence outweighs, *see, e.g., id.*, is subject to class wide proof pertaining to Defendants' actions and attendant duties other, possibly individualized issues, such as the nature of any class members' property. *See Sacred Heart Health Sys., Inc. v. Humana Mil. Healthcare Servs., Inc.*, 601 F.3d 1159, 1170 (11th Cir. 2010) ("Common issues of fact and law predominate if they ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the

claim or claims of each class member." (citation modified)). Defendants' citation to a case involving certification of a statutory bad faith claim, and an "inquiry into an *insurer's* reasonableness" fails to persuade the Court otherwise. *Seabron v. Am. Fam. Mut. Ins. Co.*, No. 11–cv–01096–WJM–KMT, 2013 WL 3713652, at *9 (D. Colo. July 16, 2013) (citation modified). *Cf. In re Pac. Fertility Ctr. Litig.*, No. 18–cv–01586–JSC, 2020 WL 3432689, at *6 (N.D. Cal. June 23, 2020) concluding "[p]redominance is easily satisfied as to the proposed general causation issue class" where "questions presented [were] common to all class members").

Defendants then challenge Plaintiffs' unjust enrichment claim, but do so only on the grounds that the putative class members' claims lack "common questions." ECF No. 116 at 29. To be sure, some courts have concluded that "unjust enrichment claims are not appropriately certified for class treatment, as common questions will rarely, if ever, predominate." *Friedman v. Dollar Thrifty Auto. Grp., Inc.*, 304 F.R.D. 601, 611 (D. Colo. 2015). This does not mean unjust enrichment claims are ill-suited for class treatment across the board. Rather, as with any other claim, courts must ask whether a common issue as to a claim exists, and whether that common issue outweighs any individualized concerns. *See, e.g.,* § 4:50. The predominance requirement—Two-step analysis, 2 Newberg and Rubenstein on Class Actions § 4:50 (6th ed.).

Simply put—as with Plaintiffs' other claims—they may prove their unjust enrichment claim with common, class wide evidence regarding Defendants' fraudulent transfer and whether such transfer avoided asset retirement obligations, and therefore unjustly enriched HRM. *See* ECF No. 4 at 33; *MacDonald v. Cashcall, Inc.*, 333 F.R.D.

331, 352 (D.N.J. 2019) (concluding plaintiffs met predominance burden as to unjust enrichment claim where common evidence as to defendant's "retention of . . . benefits . . . all relate[d] to [the defendants'] conduct in operating their loan business"); *In re ConAgra Foods, Inc.*, 90 F. Supp. 3d 919, 1001 (C.D. Cal. 2015), *aff'd sub nom*. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017) (concluding plaintiffs satisfied predominance requirement where "defendant's allegedly deceptive or fraudulent conduct is common to all class members" (citation omitted)); *Smith v. Keurig Green Mountain, Inc.*, No. 18-cv-06690-HSG, 2020 WL 5630051, at *5 (N.D. Cal. Sept. 21, 2020) (observing that unjust enrichment claims are "typically individualized" but concluding plaintiffs met predominance burden where defendant's conduct "raise[d] the same legal issues as to all class members"). Defendants' cursory argument—that common questions as to the unjust enrichment claim don't predominate—fails to persuade otherwise. *See* ECF No. 116 at 29.

Finally, Defendants challenge predominance because "Plaintiffs . . . cannot . . . provide a common method for measuring damages," ECF No. 116 at 29, given they seek damages for various injuries, *id. See also id.* at 30 ("[There are] individual damages determinations not suitable for class certification because the Wells and surface lands are unique and are in different stages of PA&R."). The Court addressed a substantially similar argument in *White*, rejecting there the defendants' argument that plaintiff failed to meet his predominance burden because he "ha[d] not proposed a reliable classwide damages model." 2023 WL 3278460, at *16 (citation modified). As the Court explained there:

26

> For purposes of analyzing Plaintiff White's class certification motion under Rule 23(b)(3), the possible need to determine damages on an individual basis—based on class members' purchasing or leasing experiences—does not defeat predominance (ECF No. 61 at 31–32). *See, e.g., Tyson Foods*, 577 U.S. at 453; 2 Newberg and Rubenstein on Class Actions § 4:54 (6th ed.) ("[T]he black letter rule is that individual damage calculations generally do not defeat a finding that common issues predominate." (footnote omitted)); *Menocal*, 725 F.3d at 1220 ("The presence of individualized damages issues does not defeat the predominance of questions common to the [ ] class."); *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 409 (2d Cir. 2015) ("[I]ndividualized damages determinations alone cannot preclude certification under Rule 23(b)(3)." (citations omitted)); *Naylor*, 923 F.3d at 789 ("Critically, so long as at least one common issue predominates, a plaintiff can satisfy Rule 23(b)(3)—even if there remain individual issues, such as damages, that must be tried separately." (citations omitted)). *Cf. Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc.*, 725 F.3d 1213, 1220 (10th Cir. 2013) (noting that district courts "should consider the extent to which material differences in damages determinations will require individualized inquiries" but that "the fact that damages may have to be ascertained on an individual basis is not, standing alone, sufficient to defeat class certification" (quotations omitted)).

*Id.* The same logic applies here. And, in light of it, the Court agrees with Plaintiffs that the issue of whether "damages vary between individuals," ECF No. 123 at 23, does not render Plaintiffs unable to meet their predominance burden, *see Sherman*, 84 F.4th at 1196.

Accordingly, for the reasons set forth above, the Court rejects Defendants' predominance arguments, and concludes that Plaintiffs have met their predominance burden.

***Superiority.*** The parties dispute whether adjudication of Plaintiffs' claims on a classwide basis is superior. *Compare* ECF No. 107 at 18, *with* ECF No. 116 at 31. The Court agrees with Plaintiffs that they have met their superiority burden, *see* ECF No. 107 at 18, and rejects Defendants' contrary arguments, considered in turn below.

*First*, Defendants argue that individual damages assessments preclude superiority. ECF No. 116 at 31. All that's old is new again. This argument has failed to persuade in both Rule 23(a) contexts and as a matter of predominance under Rule 23(b)(3). It likewise fails to persuade that any individualized damages assessments preclude superiority. *See, e.g., Martineko v. 212 Steakhouse, Inc*., No. 22-CV-518 (JLR) (RWL), 2024 WL 3928849, at *16 (S.D.N.Y. Aug. 13, 2024), *report and recommendation adopted sub nom. Martinenko v. 212 Steakhouse, Inc*., No. 1:22-CV-00518 (JLR), 2024 WL 4275286 (S.D.N.Y. Sept. 24, 2024) ("Individualized damages issues in this case do not defeat superiority.").

*Second*, Defendants turn to the four superiority factors, *see White*, 2023 WL 3278460, at *16, arguing they do not demonstrate superiority, *see* ECF No. 117 at 32. *See also* Fed. R. Civ. P. 23(b)(3)(A)–(D) (setting forth four factors for consideration in assessing superiority). The Court disagrees. After considering the superiority factors, *see id.*, the Court concludes that adjudicating Plaintiffs' claims on a class basis is superior to other methods of adjudication.

For instance, given the nature of Plaintiffs' claims, concentrating litigation is desirable, and the Court discerns few difficulties in managing a class action. *See* Fed. R. Civ. P. 23(b)(3)(D). As explained in *White*, this is not a case where plaintiffs seek "to certify a class of what are essentially personal injury cases, where class members may have individualized interests in prosecuting their own, separate actions." 2023 WL 3278460, at *16 (citation modified); *In re Pacific Fertility*, 2020 WL 3432689, at *7 (N.D. Cal. June 23, 2020) ( "Given . . . the personal and private nature of the claims, each

absent class member has a strong interest in individually prosecuting an action should the member so choose." (citation modified)); Fed. R. Civ. P. 23(b)(3)(A). And it is desirable to litigate Plaintiffs' claims in this forum, see Fed. R. Civ. P. 23(b)(3)(C), given the class is comprised solely of individuals residing in this judicial district. *See, e.g.,* ECF No. 4 at 2 ¶ 1; ECF No. 123 at 26. Further, nothing about this case's litigation history indicates that class treatment would be inferior to adjudicating class members' claims on individual bases. *Cf.* Fed. R. Civ. P. 23(b)(3)(B).

At bottom, the Court agrees with Plaintiffs that any possible damages variations are immaterial for superiority purposes, as well as that class treatment of Plaintiffs' claims is preferable, particularly considering the difficulty any individual plaintiff or putative class member faces in litigating the issues presented by Plaintiffs alone. *See* ECF No. 107 at 19; Fed. R. Civ. P. 23(b)(3); *Menocal*, 882 F.3d at 915 ("[T]he Rule 23(b)(3) class action is superior when it allows for the vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." (citation modified)). In sum, consideration of the Rule 23(b)(3) factors demonstrate Plaintiffs have met their superiority burden, notwithstanding Defendants' contrary arguments as to the superiority factors. *Cf.* ECF No. 116 at 32.

\* \* \*

Certification of Plaintiffs' proposed class, under both Rules 23(b)(2) and 23(b)(3), is proper. Plaintiffs have satisfied all requirements under Rule 23(a) and Rule 23(b) by a preponderance of the evidence. This said, the Court is mindful that certification is not dispositive of Plaintiffs' claims. "In determining the propriety of a class action, the question

is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *White*, 2023 WL 3278460, at *17 (citation modified). After conducting its "rigorous analysis" of the class certification requirements, the Court answers this question affirmatively. *See Wal-Mart*, 564. U.S. at 351.

Finally, recall Defendants have filed a motion to strike portions of Plaintiffs' reply brief or, alternatively, for leave to file a sur-reply. *See generally* ECF No. 132. Defendants' motion is premised on the fundamental notion that in their reply brief "Plaintiffs [took] an entirely new position with respect to the relief they seek." *Id.* at 3. The Court has reviewed the parties' certification and strike briefing and disagrees. As Plaintiffs explain in opposing Defendants' strike motion, *see, e.g.,* ECF No. 143 at 4, Plaintiffs have been clear on the relief they seek throughout their certification briefing and they did not introduce entirely new legal arguments in their reply brief. Accordingly, Defendants are not entitled to either strikes of Plaintiffs' certification briefing or leave to file a sur-reply. *See, e.g., Flynn v. Exelon Corp.*, No. 19 C 8209, 2021 WL 1561712, at *11 (N.D. Ill. Apr. 21, 2021) ("The Court denies Plaintiff's Motion to Strike as Defendants' Reply briefing did not contain any new, improperly raised arguments."); *Colony Ins. Co. v. Hawthorne Healthcare & Wellness Ctr., LP*, Case No. CV 16-3956-JFW (FFMX), 2016 WL 11961166, at *1 n.1 (C.D. Cal. Sept. 8, 2016) ("Plaintiff's Motion to Strike New Arguments and Authorities Cited in Defendants' Reply . . . is DENIED because the Court concludes that Defendants did not raise new arguments in their Reply, but rather were responding to the arguments

in Plaintiff's Opposition."). For these reasons, the Court denies Defendants' motion. *See* ECF No. 132.

## II.     CONCLUSION

Consistent with the above analysis, Plaintiffs' Motion for Class Certification, ECF No. 107, is GRANTED. Pursuant to Federal Rule of Civil Procedure 23(b), Plaintiffs' class as proposed in the certification motion is certified under Rule 23(b)(2) and Rule 23(b)(3). Cindy McCormick, Ronald McCormick, and Trupp Land Management LLC are named as representatives of the class. Pursuant to Federal Rule of Civil Procedure 23(g), Borison Firm LLC is appointed as class counsel. HRM Defendants' Motion to Strike Portions of Plaintiffs' Reply In Support of Motion for Class Certification, Or In The Alternative, For Leave to File Sur-Reply To Plaintiffs' Motion for Class Certification, ECF No. 132, is DENIED.

Given Plaintiffs' request that the Court issue an order regarding an "administrative scheduling order," ECF No. 107 at 20, the parties are ORDERED to file a joint statement, not to exceed ten pages, setting forth their positions regarding a class notice schedule and any other administrative issues they have identified attendant to such schedule and providing class notices.

DATED this day 17th day of October, 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge