UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:24-cv-00823-CNS-CYC**

CINDY McCORMICK; RONALD McCORMICK; and TRUPP LAND MANAGEMENT LLC,
    Plaintiffs,

v.

HRM RESOURCES, LLC, a Delaware limited liability company;
HRM RESOURCES II, LLC, a Delaware limited liability company;
HRM RESOURCES III, LLC, a Delaware limited liability company;
HRM RESOURCES IV, LLC, a Delaware limited liability company;
L. ROGER HUTSON, an individual; TERRY PAPE, an individual;
PAINTED PEGASUS PETROLEUM, LLC, a Texas limited liability company;
and JOHN HOFFMAN, an individual
    Defendants.

## PLAINTIFFS' BRIEF RE IN-CAMERA REVIEW DOCUMENTS

Plaintiffs Cindy McCormick, Ronald McCormick, and Trupp Land Management, LLC (collectively "Plaintiffs"), through counsel, respectfully submit this brief pursuant to the Court's October 8, 2025, Minute Order (ECF No. 146).

### ARGUMENT

ClientEarth USA is a 501(c)(3) nonprofit organization that addresses numerous environmental issues, including many relating to oil and gas that are outside the scope of this litigation. Carbon Tracker Initiative is a nonprofit organization, which conducts research and analysis on energy transition issues. Because both organizations conduct a range of energy related work, there are occasional instances outside of this litigation in

which they interact. Those are largely the communications HRM Defendants[1] seek—all of which are irrelevant and some of which are privileged. The communications at issue fall into two categories: (1) calendar invites for large calls regarding wide-ranging oil and gas issues, and (2) emails regarding potential litigation funding that was never obtained and was not limited to this litigation. None bear on the merits of the case, nor do they even involve the Plaintiffs or Defendants, and the strained bases for which HRM Defendants purport to need them are supported by neither reason nor caselaw. Production here is inappropriate and would set an alarming precedent for discovery aimed at harassing Plaintiffs' counsel, specifically non-profit plaintiffs' counsel.

### I. All of the documents sought by the HRM Defendants are irrelevant.

As an initial matter, it is important to remember that HRM Defendants seek communications involving counsel and third parties that took place *after* the events at issue in the litigation and that cannot possibly bear on the merits of the case. Such communications are generally irrelevant—how counsel explains the facts at issue to non-parties has no bearing on the facts themselves. *See Multimedia Pat. Tr. v. DirecTV, Inc.*, 2011 WL 13100742, at 1 (S.D. Cal. Feb. 2, 2011) (explaining that "communications . . . counsel had with third parties regarding the litigation . . . are not relevant.").

HRM Defendants have sought to manufacture relevance here by tying the communications to counsel adequacy and expert credibility. *See* Sep. 19, 2025, email from HRM Defendants' counsel (M. Tayer) to the Chambers of Magistrate Judge Chung.

---

[1] "HRM Defendants" refers to HRM Resources, LLC; HRM Resources II, LLC; HRM Resources III, LLC; HRM Resources IV, LLC; L. Roger Hutson; and Terry Pape.

2

But counsel adequacy is no longer at issue—the class has been certified, and counsel has been found adequate. ECF No. 152. Nothing in the at-issue documents is remotely likely to alter the Court's analysis on that point. Indeed, the documents would be irrelevant to counsel adequacy even if that was still at issue. And the argument that these documents bear on expert credibility is similarly groundless, as no testifying witnesses are parties to the communications. Non-testifying experts, by definition, do not present facts to the court. Their credibility is not at issue.

In short, none of the documents sought are at all relevant, but they do risk exposing third parties to harassment.[2]

A brief discussion of the documents sought shows how thoroughly irrelevant they are. HRM Defendants first seek production of calendar invites for large calls discussing general issues with respect to oil and gas pollution. These invitations include email addresses of over thirty individuals, from various organizations, who work on a variety of oil and gas issues. They include no content and do not mention or relate to this case.

The only reason these calendar invites were responsive to the search that was run is that one individual from Carbon Tracker and two individuals from ClientEarth were among the invitees. The fact that individuals who work at nonprofit organizations are invited to broad calls about oil and gas issues has no bearing on any issue in this case.

Regarding the arguments HRM Defendants have advanced: Plaintiffs know of no

---

[2] This is not a mere hypothetical. HRM Defendants have aggressively sought discovery from third parties who have only remote tangential relevance to the case (for example, Salt Contaminated Land & Water Council Inc.), forcing small non-profits to divert limited resources to dealing with irrelevant discovery.

credible rationale or precedent under which the counsel adequacy analysis is impacted by the fact that counsel is occasionally invited to attend discussions about general issues relevant to their practice. The argument that these invites bear on expert credibility is similarly groundless for at least two reasons. First, they involve no testifying experts, so they do not touch on anyone whose credibility is at issue. Second, being invited to a large group call about a general topic is irrelevant to any credibility determination. The only thing that might come of producing these irrelevant documents is harassing discovery of third parties, as there is no content or relevant material in these calendar invitations whatsoever.

The second group of documents sought are communications related to potential funding, which was never obtained and which the Court already found to be irrelevant. August 20, 2025, Discovery Hearing Transcript at 138. Indeed, even the precedent that HRM Defendants relied on in their previous fishing expedition explained that litigation funding is generally not relevant and may only become discoverable upon a "showing that something untoward occurred," such as evidence that litigation funders are "making ultimate litigation or settlement decisions…." *In re Valsartan N-Nitrosodimethylamine (NDMA) ContaminationProds. Liab. Litig.,* 405 F. Supp. 3d 612, 615 (D.N.J. 2019). HRM Defendants do not and cannot make any showing of untoward conduct. Litigation funding that *was never received* has even less relevance than actual funding, particularly when counsel adequacy is no longer at issue. See ECF No. 152 at 13.

Furthermore, to the extent that HRM Defendants contend that documents bear on the credibility of the individuals involved in the communications at issue, that argument is

4

a red herring, as discussed above.

## II. Several documents contain attorney work product.

The documents where the work product privilege is asserted on Plaintiffs' relevance log should be protected because they contain attorneys' mental impressions, conclusions, opinions, or legal theories authored in anticipation of litigation and HRM cannot establish substantial need for irrelevant documents. *See Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981). There appears to be no caselaw in this District regarding whether communication with litigation funders is privileged, but other courts have found the work product protection applies. *See Odyssey Wireless, Inc. v. Samsung Elecs. Co., Ltd*, 2016 WL 7665898, at *5 (S.D. Cal. Sept. 20, 2016) (citing several cases where litigation funding documents were protected under work product privilege). Attorneys[3] drafted these to aid in possible future litigation, so they must be protected as work product. *See United States v. Homeward Residential, Inc.*, 2016 WL 1031154, at *6 (E.D. Tex. Mar. 15, 2016) (The litigation funding documents were work product prepared in anticipation of litigation because "the primary motivating purpose behind the creation of the document was to aid in possible future litigation.").

## CONCLUSION

For the foregoing reasons, Plaintiffs request the Court deny HRM Defendants' request that these documents be produced.

---

[3] The following individuals that appear on the highlighted entries within Plaintiffs' relevance log are attorneys: D. Lackey, G. Rogers, R. Schuwerk, S. Jacobson, M. Harrison, and C. Sippel.

Dated this 22nd day of October, 2025.

*/s/ Zigmas Polinauskas*
Christopher P. Carrington
Benjamin W. Hudgens
Zigmas Polinauskas
**RICHARDS CARRINGTON, LLC**
1444 Blake Street, Denver, Colorado 80202
Telephone: 303-962-2690
Email: chris@richardscarrington.com
       ben@richardscarrington.com
       zigmas@richardscarrington.com

*/s/ Benjamin Segal*
John S. Rossiter Jr.
Setareh Homayoni
Benjamin Segal
Camille Sippel
**CLIENTEARTH USA, INC.**
501 Santa Monica Blvd., Suite 510
Santa Monica, CA 90401
Email: jrossiter@clientearth.org
shomayoni@clientearth.org
bsegal@clientearth.org
csippel@clientearth.org

*/s/ Scott C. Borison*
Scott C. Borison
**BORISON FIRM, LLC**
Email: scott@borisonfirm.com


*Attorneys for Plaintiffs*

6

## CERTIFICATE OF SERVICE

    I hereby certify that on October 22, 2025, I electronically filed the foregoing **PLAINTIFFS' BRIEF RE IN-CAMERA REVIEW DOCUMENTS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Richard B. Benenson
Justin L. Cohen
Matthew C. Arentsen
Max Porteus
Madeleine L. Tayer
BROWNSTEIN HYATT FARBER SCHRECK, LLP
rbenenson@bhfs.com
jcohen@bhfs.com
marentsen@bhfs.com
mporteus@bhfs.com
mtayer@bhfs.com

And via electronic mail:
John Hoffman
johnghoffman@icloud.com

                                                 */s/ Zigmas Polinauskas*
                                                 Zigmas Polinauskas