**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

HRM RESOURCES, LLC, a Delaware limited liability company; HRM RESOURCES, II, LLC, a Delaware limited liability company; HRM RESOURCES, III, LLC, a Delaware limited liability company; HRM RESOURCES IV, LLC, a Delaware limited liability company; L. ROGER HUTSON; TERRY PAPE,

Petitioners,

v.

CINDY MCCORMICK; RONALD MCCORMICK; TRUPP LAND MANAGEMENT LLC,

Respondents.

No. 25-703
(D.C. No. 1:24-CV-00823-CNS-CYC)
(D. Colo.)

---

**ORDER**

---

Before **HARTZ**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

---

This matter is before us on the Petition of Defendants-Petitioners Pursuant to Federal Rule of Civil Procedure 23(f) for Leave to Appeal from the District Court's Class Certification Order ("Petition") filed by Defendants HRM Resources, LLC, HRM Resources II, LLC, HRM Resources III, LLC, HRM Resources IV, LLC, L. Roger Hutson, and Terry Pape (collectively, "HRM"). We also have a response from Plaintiffs Cindy McCormick, Ronald McCormick, and Trupp Land Management, LLC

("Plaintiffs"), a motion seeking leave to file a reply in support of the Petition and a proposed reply from HRM, and Plaintiffs' response in opposition to HRM's motion seeking leave to file a reply.

Preliminarily, we grant HRM's motion for leave to file a reply in support of the Petition. The reply shall be filed as of the date it was received.

Turning to the merits of the Petition, under Fed. R. Civ. P. 23(f), "[a] court of appeals *may* permit an appeal from an order of a district court granting or denying class-action certification . . . ." Fed. R. Civ. P. 23(f) (emphasis added). This discretion is "'unfettered' and 'akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari.'" *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) (quoting Fed. R. Civ. P. 23(f) advisory committee's note). "[T]he grant of a petition for interlocutory review constitutes the exception rather than the rule." *Id.*

*Vallario* described three situations in which interlocutory review of a class certification order may be appropriate: (1) "death knell" situations, "in which a questionable class certification order is likely to force either a plaintiff or a defendant to resolve the case based on considerations independent of the merits," (2) situations in which a class certification order involves "an unresolved issue of law relating to class actions that is likely to evade end-of-case review, and, . . . [that issue is] significant to the case at hand, as well as to class actions generally," and (3) situations in which the class certification order is "manifestly erroneous." *Id.* at 1263. The Petition asks us to permit an interlocutory appeal on at least two of these grounds.

After careful consideration of the parties' filings, the district court's order, and the applicable law, we are not persuaded that any of the three grounds identified in *Vallario* apply here to support interlocutory review of the district court's class certification order in this case. Accordingly, the Petition is DENIED.

Entered for the Court

Per Curiam