**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:24-cv-00823-CNS-CYC**

CINDY McCORMICK;
RONALD McCORMICK; and,
TRUPP LAND MANAGEMENT LLC,

     Plaintiffs,

v.

HRM RESOURCES, LLC,
HRM RESOURCES II, LLC,
HRM RESOURCES III, LLC,
HRM RESOURCES IV, LLC,
L. ROGER HUTSON,
TERRY PAPE,
PAINTED PEGASUS PETROLEUM, LLC, and
JOHN HOFFMAN,

     Defendants.

---

**HRM DEFENDANTS' MOTION TO EXTEND LENGTH OF HEARING SET FOR
MAY 13, 2026 ON THE JOINT STATEMENT REGARDING CLASS NOTICE**

---

Defendants HRM Resources, LLC, HRM Resources II, LLC, HRM Resources III, LLC, HRM Resources IV, LLC, L. Roger Hutson, and Terry Pape (collectively the "HRM Defendants"), hereby submit this Motion to Extend Length of Hearing Set for May 13, 2026 on the Joint Statement Regarding Class Notice ("Motion"), requesting that the length of the hearing be extended to ninety (90) minutes and in support state as follows:

**Certificate of Compliance with D.C.COLO.LCivR 7.1(a)**: Pursuant to D.C.COLO.LCivR 7.1(a), counsel for HRM Defendants conferred in good faith with

counsel for Plaintiffs and Pro Se Defendant John Hoffman. Plaintiffs oppose the relief requested herein. Pro Se Defendant John Hoffman is unopposed.

1.  On October 17, 2025, the Court granted Plaintiffs' motion for class certification and ordered the parties to submit "a joint statement, not to exceed ten pages, setting forth their positions regarding a class notice schedule and any other administrative issues they have identified attendant to such schedule and providing class notices." ECF No. 152 at 31. The Court did not set a deadline for the parties to file the joint statement.

2.  On October 31, 2025, the HRM Defendants filed a petition under Fed. R. Civ. P. 23(f) for permission to appeal to the Court of Appeals for the Tenth Circuit the Court's Order granting class certification ("Rule 23(f) Petition").

3.  On December 8, 2025, the parties filed a Joint Stipulation Requesting a Deadline for the Joint Statement on Class Notice Schedule, ECF No. 175 ("Joint Stipulation") requesting that the Court set the following deadline for the parties to submit their joint statement regarding a class notice schedule: (1) twenty-one (21) days after the Tenth Circuit denies the Rule 23(f) Petition; *or* (2) if the Tenth Circuit grants the Rule 23(f) Petition and then affirms the Court's Order granting class certification, twenty-one (21) days after the Tenth Circuit's final order or decision on the merits of the HRM Defendants' appeal.

4.  On December 12, 2025, the Court granted the Joint Stipulation, ECF No. 178.

5.  The Court of Appeals for the Tenth Circuit issued its Order denying the Rule 23(f) Petition on January 27, 2026, ECF No. 189.

2

6.      On February 13, 2026, the parties filed a Joint Motion to Extend Deadline to File Joint Statement on Class Notice Schedule, requesting a ten (10) day extension up to and including February 27, 2026 to file their joint statement regarding class notice, ECF No. 194 ("Joint Extension Motion").

7.      The Court granted the parties' Joint Extension Motion on February 20, 2026, ECF No. 196.

8.      The parties filed their Joint Statement Regarding Class Notice on February 27, 2026, ECF No. 200 ("Joint Statement").

9.      On April 17, 2026, this Court issued an Order setting a 30-minute hearing on the parties' Joint Statement for May 13, 2026 at 11:15 a.m., ECF No. 209 ("Hearing").

10.     Through this Motion, the HRM Defendants respectfully request that the Court extend the length of the Hearing from 30 minutes to 90 minutes.

11.     Good cause exists to grant this Motion. As explained in further detail below, the HRM Defendants plan to call one witness at the Hearing, and do not believe that 30 minutes will allow them sufficient time to do so.

12.     The HRM Defendants plan to call Matthew J. Lepore to testify at the hearing. Mr. Lepore was the Director of the Colorado Energy and Carbon Management Commission ("ECMC," f/k/a Colorado Oil and Gas Conservation Commission) from August 2012 to March 2018.

13.     ECMC is the state agency that oversees and regulates oil and gas operations in Colorado. Joint Statement at 7. As part of that charge, ECMC administers the state's Orphaned Well Program ("OWP"), which plugs, abandons, and remediates

3

wells and well sites in the state with no available responsible operator. *Id.*; *see also* Decl. of J. Murphy (Current ECMC Director) at ¶¶ 6–7 [ECF No. 116-21]. The wells at issue in this case are currently in the OWP, meaning they are in the exclusive custody and control of ECMC. Joint Statement at 7; Decl. of J. Murphy at ¶ 15. The OWP prioritizes and addresses orphaned oil and gas wells, locations, and production facilities statewide, per its priority system. Joint Statement at 7–8; Decl. of J. Murphy at ¶¶ 6, 11.

14.    Mr. Lepore has been retained by the HRM Defendants as a testifying and consulting expert in the case. As the former Director of ECMC, Mr. Lepore has in-depth experience, knowledge, and expertise regarding ECMC and its OWP.

15.    The HRM Defendants anticipate Mr. Lepore will provide relevant factual and expert testimony related to the disputed class notice issues outlined in the parties' Joint Statement, which will aid the Court in deciding those disputed issues.

16.    For example, as set out in the Joint Statement, it is the HRM Defendants' position that class members "need to be made aware through the notice process (1) that this action will affect their properties, (2) that they may be liable for costs if Plaintiffs lose, and (3) that the Wells on their properties are in the OWP, are subject to ECMC's prioritized and closely supervised reclamation process, and will be plugged, abandoned, and remediated by ECMC if they choose to opt out or if Plaintiffs do not prevail." Joint Statement at 9–10; *see also id.* at Exhibit 5 [ECF No. 200-5]. Consistent with the due process requirements attendant to class notice (*see infra* paragraph 20), the HRM Defendants maintain that the "notice needs to inform class members of the relief Plaintiffs seek and the consequences of such relief—i.e., taking the Wells out of the OWP, and

4

separately plugging, abandoning, and remediating them outside of the program on a new Court-supervised timeline." *Id.* at 10.

17.    Plaintiffs, on the other hand, do not believe the class notice needs to mention ECMC, much less that the wells are in the OWP at all. *See id.* at 2–4; *see also id.* at Exhibit 2, Exhibit A [ECF No. 200-2]. For instance, Plaintiffs contend that "the relief sought by Plaintiffs will not delay any cleanup timeline or lower any regulatory standards for cleanup" and that "landowners do not have a say in which operator ultimately cleans up the well on their land." *Id.* at 4. In short, Plaintiffs argue that the HRM Defendants' proposed notice "includes several misleading factual assertions that seem designed to frighten and confuse class members rather than apprise them of their rights." *Id.* at 3.

18.    Given Mr. Lepore's more than five-year tenure as the Director of ECMC— the agency that oversees the OWP—he is well positioned to directly address the disputed factual assertions, which the parties disagree about whether to include in the class notice. That is, Mr. Lepore can provide helpful testimony for the Court as to the fact that the class members' wells are in the OWP, what that means for class members, how the program works, what work the OWP does on wells in the program, how that work is prioritized, and why all of the above is important information to provide to class members who may be hearing about this case for the first time.

19.    Courts frequently consider expert testimony on issues related to class notice. *See, e.g.*, *Taqueria El Primo LLC v. Illinois Farmers Ins. Co.*, 630 F. Supp. 3d 1121, 1126–27 (D. Minn. 2022) (considering expert declaration in approving class notice

plan); *Wesley v. Snap Fin. LLC*, 339 F.R.D. 277, 287 (D. Utah 2021) (allowing expert testimony related to proposed class notice plan).

20.   That is because class notice must satisfy the U.S. Constitution's Due Process Clause and Rule 23(c)(2). *See DeJulius v. New England Health Care Emps. Pension Fund*, 429 F.3d 935, 943–44 (10th Cir. 2005) (emphasizing due process requirement that district court give "the best notice practicable under the circumstances including individual notice to all members who can be identified through reasonable effort"); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it."); Barbara J. Rothstein & Thomas E. Willging, *Managing Class Action Litigation: A Pocket Guide for Judges* 27–29 (3d ed. Fed. Jud. Ctr. 2010) (emphasizing the importance of class notice and that courts should pay close attention to both the content of the notice and the means by which it is disseminated); Newberg and Rubenstein on Class Actions §§ 8:1, 8:27 (6th ed. 2022) (emphasizing that class notice process, including the contents of the notice itself, is essential to apprising absent class members of their rights).

21.   Under Rule 23(c)(2), the notice "must contain information that a reasonable person would consider to be material in making an informed, intelligent decision of whether to opt out or remain a member of the class and be bound by the final judgment." *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104–05 (5th Cir. 1977); *see also* FJC's Class Action Notice and Claims Process Checklist and Plain Language Guide

6

(2010), https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf (checklist emphasizing that notices must "contain sufficient information for a class member to make an informed decision" and advising to "[w]atch for omission of information that the lawyers may wish to obscure . . . but that affects class members nonetheless"). These notice requirements apply with even greater force when, as here, the requested relief affects a class member's property rights. *See, e.g.*, *Fager v. CenturyLink Commc'ns, LLC*, 854 F.3d 1167, 1171–72 (10th Cir. 2016).

22.    Because the testimony Mr. Lepore would provide is likely to assist the Court in deciding the parties' disputed class notice issues, which implicate due process considerations around notice, the HRM Defendants respectfully request additional time at the Hearing to call Mr. Lepore as a witness and to allow relevant questioning by the parties and the Court.

23.    This Motion is brought in good faith by the HRM Defendants.

24.    WHEREFORE, the HRM Defendants respectfully request that the Court grant their Motion to Extend Length of Hearing Set for May 13, 2026 on the Joint Statement Regarding Class Notice to ninety (90) minutes to allow for Mr. Lepore's testimony.

Respectfully submitted this 5th day of May, 2026.

*s/ Matthew C. Arentsen*
Richard B. Benenson, #32566
Justin L. Cohen, #44811
Matthew C. Arentsen, #45021
Madeleine L. Tayer, #61762
Max Porteus, #56405
Alex P. Jack, #60682
BROWNSTEIN HYATT FARBER SCHRECK, LLP
675 15th Street, Suite 2900
Denver, CO 80202
Phone: (303) 223-1100
Fax: (303) 223-1111
Email: rbenenson@bhfs.com;
jcohen@bhfs.com; marentsen@bhfs.com;
mtayer@bhfs.com; mporteus@bhfs.com;
ajack@bhfs.com

**Attorneys for HRM Defendants**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 5th day of May, 2026, I electronically filed a true and correct copy of the foregoing **HRM DEFENDANTS' MOTION TO EXTEND LENGTH OF HEARING SET FOR MAY 13, 2026 ON THE JOINT STATEMENT REGARDING CLASS NOTICE** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Christopher P. Carrington
Benjamin W. Hudgens
Zigmas Polinauskas
RICHARDS CARRINGTON, LLC
1444 Blake Street
Denver, CO 80202
Telephone: (303) 962-2690
Email: chris@richardscarrington.com
ben@richardscarrington.com
zigmas@richardscarrington.com

Camille Sippel
ClientEarth USA, Inc.
4192 Marcasel Avenue
Los Angeles, CA 90066
Phone: 605-397-7951
Email: csippel@clientearth.org

Setareh Homayoni
Benjamin Segal
John Stevens Rossiter, Jr.
Rosa Acheson
ClientEarth USA, Inc.
501 Santa Monica Boulevard, Suite 510
Santa Monica, CA 90401
Phone: 925-890-1306
Email: shomayoni@clientearth.org;
bsegal@clientearth.org;
JRossiter@clientearth.org
racheson@clientearth.org

Scott C. Borison
Borison Firm LLC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Phone: 301-620-1016
Email: scott@borisonfirm.com

*Attorneys for Plaintiffs*

**<u>By Email:</u>**

John Hoffman
3201 Bayshore Drive
La Porte, TX 77571
Phone: 713-962-0708
johnghoffman@icloud.com

*Pro se Defendant*

*s/ Kate M. Meade*
Kate M. Meade, Paralegal

9