IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 1:24-cv-00823-CNS-CYC**

CINDY McCORMICK; RONALD McCORMICK; and TRUPP LAND MANAGEMENT
LLC,
     Plaintiffs,

v.

HRM RESOURCES, LLC, a Delaware limited liability company;
HRM RESOURCES II, LLC, a Delaware limited liability company;
HRM RESOURCES III, LLC, a Delaware limited liability company;
HRM RESOURCES IV, LLC, a Delaware limited liability company;
L. ROGER HUTSON, an individual; TERRY PAPE, an individual;
PAINTED PEGASUS PETROLEUM, LLC, a Texas limited liability company;
and JOHN HOFFMAN, an individual
     Defendants.

---

**JOINT MOTION TO STAY DEADLINES AND VACATE FINAL PRETRIAL
CONFERENCE PENDING MEDIATION**

---

Plaintiffs Cindy McCormick, Ronald McCormick, and Trupp Land Management

LLC (collectively, "Plaintiffs"), Defendants HRM Resources, LLC, HRM Resources II,

LLC, HRM Resources III, LLC, HRM Resources IV, LLC, L. Roger Hutson, and Terry

Pape (collectively, the "HRM Defendants"), and *Pro Se* Defendant John Hoffman hereby

submit this Joint Motion to Stay Deadlines and Vacate Final Pretrial Conference

Pending Mediation ("Joint Motion") and state as follows in support.

The parties have diligently advanced this case for over two years. With the

benefit of extensive fact and expert discovery (including nearly 20 depositions and 14

expert reports), the parties have selected a mediator and scheduled mediation for

September. To allow the parties to focus primarily on those mediation efforts for a short

period in a cost efficient manner, the parties jointly move to stay certain upcoming deadlines.

**Certificate of Compliance with D.C.COLO.LCivR 7.1(a)**: Pursuant to D.C.COLO.LCivR 7.1(a), all parties have conferred in good faith and agree to join in the relief requested herein.

## RELEVANT PROCEDURAL BACKGROUND

1. This case was filed in February 2024 and then removed to federal court in March 2024. The parties have been actively litigating the case since then, including motions practice, extensive fact and expert discovery, and hearings before the Court.

2. Specifically, the parties have briefed the following key motions and filings: the HRM Defendants' Motion to Dismiss (April 2024); Plaintiffs' Motion for Class Certification (May 2025); Plaintiffs' Motion to Amend Complaint with punitive damages (September 2025); the HRM Defendants' Rule 23(f) Petition in connection with the Court's granting of class certification (November 2025); and the Parties' Joint Statement on Class Notice (February 2026).

3. The parties also engaged in wide-ranging discovery, including producing tens of thousands of documents, taking nearly 20 individual and Rule 30(b)(6) depositions from spring 2025 to early 2026, and collectively issuing dozens of third-party subpoenas and several CORA requests.

4. Further, the parties have appeared before the Court in six discovery dispute hearings since late 2024.

5. Collectively, the parties have exchanged 14 expert reports, including

rebuttal reports, and deposed 10 expert witnesses.

6.    Fact discovery closed in December 2025. The parties attended a fact discovery dispute before the Court on July 1, 2026,  and are currently in the process of completing expert depositions by the expert discovery cutoff of July 6, 2026.

7.    After the close of expert discovery, the following are the remaining case deadlines:

- July 16, 2026 – Deadline to email Judge Sweeney's Chambers of intent to file Motions for Summary Judgment (ECF No. 206);
- July 16, 2026 – Deadline to file a status report re settlement discussions;
- July 20, 2026 – Deadline to file Fed. R. Evid. 702 Motions (ECF No. 230);
- August 27, 2026 – Deadline to file proposed Final Pretrial Order (ECF No. 157);
- September 3, 2026 – Final Pretrial Conference (ECF No. 157); and
- No trial date has been set.

8.    Both sides anticipate noticing their intent to file one or more summary judgment motions, and both sides anticipate filing several Rule 702 motions.

9.    The parties have scheduled an in-person mediation for September 17, 2026, with mediator John W. Perry, Jr. from Perry Dampf Dispute Solutions, who is a nationally recognized mediator and special master in complex class actions.

10.    Through this Joint Motion, the parties respectfully request that the Court stay the deadlines listed in paragraph 7 above ("Relevant Deadlines") and vacate the Final Pretrial Conference until after the parties have notified the Court of the outcome of

3

the scheduled mediation (which they will do in a joint status report within 3 business days of the conclusion of the mediation).

## **ARGUMENT**

The parties jointly and respectfully request this Court vacate the Final Pretrial Conference and stay the Relevant Deadlines to allow the parties to focus on mediation and potential class settlement of the case. The parties agree that staying the Relevant Deadlines and vacating the Final Pretrial Conference until the completion of such mediation will serve the interests of judicial economy, conserve the parties' and Court's resources, avoid the parties incurring unnecessary fees, and allow the parties to focus on preparing for the mediation (including submissions to the mediator). The parties request the stay remain in place until the parties file their joint status report advising the Court of the outcome of mediation, through at least September 22, 2026 as well as any reasonable follow-up with the mediator, if necessary.

It is well established that, as part of its inherent power to control its docket, a federal district court has the power to stay proceedings pending before it. *Quint v. Vail Resorts, Inc.*, No. 1:20-CV-03569-DDD-NRN, 2023 WL 9060872, at *2 (D. Colo. Nov. 22, 2023) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). This power allows Courts to promote the "economy of time and effort for itself, for counsel, and for litigants." *Id*. at 254.

When evaluating a motion to stay proceedings, this Court considers the following five factors:

> (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a

4

delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

Here, all Plaintiffs and all Defendants are interested in proceeding expeditiously to resolve this matter, and believe that engaging in prompt, good-faith mediation at this juncture, before the parties incur additional significant fees, is the best way to achieve that goal. Because the parties are jointly moving for this relief, no party will be prejudiced by this request.

With respect to the burden on Defendants, Defendants believe that vacating the Final Pretrial Conference and staying the Relevant Deadlines pending mediation will reduce the burden associated with expending resources and incurring costs to defend this matter and will provide the parties with the best opportunity to achieve a cost-effective resolution. Indeed, the parties have incurred substantial attorneys' fees and costs in propounding and responding to written discovery and third-party subpoenas, taking and defending dozens of fact and expert depositions, exchanging 14 expert reports, and traveling to out-of-state locations (including Texas repeatedly) to take and defend depositions.

As to the third factor—the convenience to the Court—the parties respectfully submit that the requested stay would promote convenience and judicial economy while the parties attempt to resolve the case in mediation. Courts in this district recognize that a stay can be appropriate when it "allow[s] the Court to avoid expending resources in

managing an action that ultimately will be dismissed." *Stone v. Vail Resorts Dev. Co.*, No. 09–cv–02081–WYD–KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010); *see also United States ex rel. Brooks v. Stevens-Henager Coll.*, 305 F. Supp. 3d 1279, 1290 (D. Utah 2018) (discussing district court staying all deadlines while parties mediated). If mediation is successful, a class settlement will resolve this dispute entirely, and this Court would be able to focus its resources on the other cases pending before it.

To this end, now is perhaps the most opportune time to stay this case. Extensive fact discovery has occurred and closed in December 2025, including the parties' participation in six discovery dispute hearings. Expert discovery closes on July 6, 2026, with the last expert deposition being taken on July 2. But there is still much to be done to prepare for trial, including Rule 56 motions on novel claims across the named parties, Rule 702 motions challenging up to eleven expert witnesses, extensive motions *in limine*, and other pre-trial deadlines. Before ramping up those activities, which will be time consuming and costly, it makes sense at this juncture for a pause while the parties try to resolve this complex, significant, and costly case. This would also obviate the need for the Court to review and approve the proposed class notice and to order that notice be sent to identifiable class members in this unique case involving a "matter of first impression." (Am. Compl. (ECF No. 220) at ¶ 149.)

In terms of the interests of non-parties to this litigation, fact discovery is already complete, including third-party depositions and subpoenas. And no third-party discovery disputes are pending. Therefore, a stay of the Relevant Deadlines will not delay third-party discovery. Though vacating the Final Pretrial Conference could delay setting a trial

date at which third-party witnesses may be called, the delay would likely be minimal (if at all), and the prospect of resolving the case without the need for trial outweighs that possibility.

Finally, the public's interest in prompt and efficient resolution of this litigation is promoted by the requested stay. As courts recognize, "if the public has any interest in this case, it is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the [C]ourt clearly serves this interest." *Kenney v. Helix TCS, Inc.*, No. 17-cv-01755-CMA-KMT, 2018 WL 722458, at *4 (D. Colo. Feb. 5, 2018) (internal quotations and citation omitted).

Accordingly, good cause exists to vacate the Final Pretrial Conference and stay the Relevant Deadlines while the parties attempt to efficiently resolve this case.

Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel served a copy of this Joint Motion contemporaneously on the Plaintiffs and the Defendants.

WHEREFORE, the parties respectfully request that the Court vacate the Final Pretrial Conference and stay the Relevant Deadlines until after the parties have attended mediation scheduled for September 17, 2026, at which time the parties will file a Joint Status Report with the Court apprising the Court of the outcome of mediation and requesting new deadlines, as necessary.

Respectfully submitted this 2nd day of July, 2026.

s/ Benjamin W. Hudgens
Christopher P. Carrington
Benjamin W. Hudgens
Zigmas Polinauskas
RICHARDS CARRINGTON, LLC
1444 Blake Street
Denver, CO 80202
Telephone: (303) 962-2690
Email: chris@richardscarrington.com
ben@richardscarrington.com
zigmas@richardscarrington.com

Camille Sippel
ClientEarth USA, Inc.
4192 Marcasel Avenue
Los Angeles, CA 90066
Phone: 605-397-7951
Email: csippel@clientearth.org

Setareh Homayoni
Benjamin Segal
John Stevens Rossiter, Jr.
Rosa Acheson
Kelley Tran
Jaclyn Lee
ClientEarth USA, Inc.
501 Santa Monica Boulevard, Suite 510
Santa Monica, CA 90401
Phone: 925-890-1306
Email: shomayoni@clientearth.org;
bsegal@clientearth.org;
JRossiter@clientearth.org;
racheson@clientearth.org;
ktran@clientearth.org;
jlee@clientearth.org

Scott C. Borison
Borison Firm LLC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Phone: 301-620-1016
Email: scott@borisonfirm.com

*Attorneys for Plaintiffs*

s/ Matthew C. Arentsen
Richard B. Benenson, #32566
Justin L. Cohen, #44811
Matthew C. Arentsen, #45021
Madeleine L. Tayer, #61762
Max Porteus, #56405
Alex P. Jack, #60682
BROWNSTEIN HYATT FARBER SCHRECK, LLP
675 15th Street, Suite 2900
Denver, CO 80202
Phone: (303) 223-1100
Fax: (303) 223-1111
Email: rbenenson@bhfs.com;
jcohen@bhfs.com; marentsen@bhfs.com;
mtayer@bhfs.com; mporteus@bhfs.com;
ajack@bhfs.com

*Attorneys for HRM Defendants*

_s/ John Hoffman_
John Hoffman
3201 Bayshore Drive
La Porte, TX 77571
Phone: 713-962-0708
johnghoffman@icloud.com

_Pro se Defendant_

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 2nd day of July, 2026, I electronically filed a true and correct copy of the foregoing **JOINT MOTION TO STAY DEADLINES AND VACATE FINAL PRETRIAL CONFERENCE PENDING MEDIATION** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Christopher P. Carrington
Benjamin W. Hudgens
Zigmas Polinauskas
RICHARDS CARRINGTON, LLC
1444 Blake Street
Denver, CO 80202
Telephone: (303) 962-2690
Email: chris@richardscarrington.com
ben@richardscarrington.com
zigmas@richardscarrington.com

Camille Sippel
ClientEarth USA, Inc.
4192 Marcasel Avenue
Los Angeles, CA 90066
Phone: 605-397-7951
Email: csippel@clientearth.org

Setareh Homayoni
Benjamin Segal
John Stevens Rossiter, Jr.
Rosa Acheson
Kelley Tran
Jaclyn Lee
ClientEarth USA, Inc.
501 Santa Monica Boulevard, Suite 510
Santa Monica, CA 90401
Phone: 925-890-1306
Email: shomayoni@clientearth.org;
bsegal@clientearth.org;
JRossiter@clientearth.org;
racheson@clientearth.org;
ktran@clientearth.org; jlee@clientearth.org

Scott C. Borison
Borison Firm LLC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Phone: 301-620-1016
Email: scott@borisonfirm.com

*Attorneys for Plaintiffs*

**By Email:**

John Hoffman
3201 Bayshore Drive
La Porte, TX 77571
Phone: 713-962-0708
johnghoffman@icloud.com

*Pro se Defendant*

*s/Kate M. Meade*
Kate M. Meade, Paralegal