# EXHIBIT J

HRM Defendants' 12(c) Motion to Dismiss

Excerpts of Deposition Transcript of Cindy McCormick

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number 1:24-cv-00823-CNS-CYC

CINDY McCORMICK;
RONALD McCORMICK; and,
TRUPP LAND MANAGEMENT LLC,

Plaintiffs,

vs.

HRM RESOURCES, LLC;
HRM RESOURCES II, LLC;
HRM RESOURCES III, LLC;
HRM RESOURCES IV, LLC;
L. ROGER HUTSON; TERRY PAPE;
PAINTED PEGASUS PETROLEUM, LLC; and
JOHN HOFFMAN,

Defendants.

-----------------------------------------------------

VIDEOTAPED DEPOSITION OF CINDY MCCORMICK

June 2, 2025

-----------------------------------------------------



Veritext Legal Solutions
Calendar-CO@veritext.com 303-988-8470

A P P E A R A N C E S

ON BEHALF OF THE PLAINTIFFS:

SCOTT CRAIG BORISON, ESQ.
Borison Firm LLC
1801 Century Park East, 24th Floor
Los Angeles, California 90067
Phone: 301-620-1016
Email: scott@borrisonfirm.com

CAMILLE SIPPEL, ESQ. (Via Zoom)
SETAREH HOMAYONI, ESQ.
ClientEarth USA, Inc.
4192 Marcasel Avenue
Los Angeles, California 90066
Phone: 605-397-7951
Email: csippel@clientearth.org
tavrhami@clientearth.org

ZIGMAS ("ZIGGY") POLINAUSKAS, ESQ.
Richards Carrington, LLC
1444 Blake Street
Denver, Colorado 80202
Phone: 303-962-2690
Email: zigmas@richardscarrington.com

ON BEHALF OF THE DEFENDANTS HRM RESOURCES, LLC; HRM RESOURCES II, LLC; HRM RESOURCES III, LLC; HRM RESOURCES IV, LLC; L. ROGER HUTSON; and TERRY PAPE:

MATTHEW C. ARENTSEN, ESQ.
MADELEINE L. TAYER, ESQ.
Brownstein Hyatt Farber Schreck, LLP
675 15th Street, Suite 2900
Denver, Colorado 80202
Phone: 303-223-1100
Email: marentsen@bhfs.com
mtayer@bhfs.com

Also Present:

Barbara Horn, Videographer
Ronald McCormick

PURSUANT TO WRITTEN NOTICE and the appropriate rules of civil procedure, the deposition of CINDY McCORMICK, called for examination by the Defendants, was taken at 675 15th Street, Suite 2900, Denver, Colorado, commencing at 9:34 a.m. on June 2, 2025, before Kirsten M. Thorngate, Registered Professional Reporter within the state of Colorado.

# I N D E X


| EXAMINATION: | | PAGE |
|---|---|---|
| By Ms. Tayer | | 7 |

DEPOSITION EXHIBITS:

| | | |
|---|---|---|
| Exhibit 1 | Deposition notice | 17 |
| Exhibit 2 | Class Action Complaint | 45 |
| Exhibit 3 | Proposal to Purchase 27,000 Net Acres in the DJ Basin for Development | 100 |
| Exhibit 4 | Plaintiffs' Motion for Class Certification | 170 |
| Exhibit 5 | Declaration of Cindy McCormick in Support of Motion for Class Certification | 178 |
| Exhibit 6 | Inspection photos | 183 |
| Exhibit 7 | Well Scout Card | 191 |
| Exhibit 8 | Email to Sippel from McCormick, 1/23/25, Subject: Fwd: Greenmeier #9-30 Orphan Well // Civitas Resources, Inc. | 195 |
| Exhibit 9 | Letter to To Whom it May Concern from Ewing, 9/10/24 | 199 |
| Exhibit 10 | Land Survey Plat | 236 |
| Exhibit 11 | Agreement | 253 |
| Exhibit 12 | Agreement | 265 |
| Exhibit 13 | Counteragreement | 269 |
| Exhibit 14 | Special Warranty Deed | 275 |

| | | |
|---|---|---|
| Exhibit 15 | Plaintiffs' Objections and Responses to the HRM Defendants' First Set of Interrogatories | 281 |
| Exhibit 16 | Plaintiffs' Objections and Responses to HRM Defendants' First Set of Requests for Admission | 290 |
| Exhibit 17 | Email to McCormick, 2/16/20 | 304 |
| Exhibit 18 | Text message to McCormick from Angelika | 307 |
| Exhibit 19 | Westword article, Lawsuit Claims Colorado Oil Well Sales Avoided Environmental Cleanup | 310 |

P R O C E E D I N G S

THE VIDEOGRAPHER: Good morning. We're going on the record at 9:34 a.m. on June 2, 2025.

Please note that microphones are sensitive and may pick up whispering and private conversations. Please mute your phones at this time.

Audio and video recording will continue to take place unless all parties agree to go off the record.

This is Media Unit 1 of the video-recorded deposition of Cindy McCormick, taken by counsel for Defendant in the matter of Cindy McCormick, et al., versus HRM Resources, LLC, et al., being heard in the U.S. District Court for the District of Colorado, Case Number 24-cv-00823.

We're located at 675 17th Street, Denver, Colorado.

My name is Barbara Horn, representing Veritext Legal Solutions, and I am the videographer. The court reporter is Kirsten Thorngate from Veritext.

Counsel, will you please introduce yourselves and affiliations for the record, beginning with the noticing attorney.

MS. TAYER: My name is Madeleine Tayer. I'm from Brownstein, and I represent the HRM

defendants in this matter, which is the HRM entities that are defendants, as well as Roger Hutson and Terry Pape.

MR. ARENTSEN: Also Matt Arentsen on behalf of the HRM defendants.

MR. BORISON: Scott Borison on behalf of the plaintiffs.

MS. HOMAYONI: Setareh Homayoni from ClientEarth on behalf of the plaintiffs.

MR. POLINAUSKAS: Zigmas Polinauskas from Richards Carrington on behalf of the plaintiffs.

CINDY McCORMICK,

having been first duly sworn to state the whole truth, was examined and testified as follows:

EXAMINATION

BY MS. TAYER:

Q. Good morning, Mrs. McCormick.

A. Good morning.

Q. How are you today?

A. Good, thank you.

Q. As I said, my name is Madeleine Tayer, and I represent the HRM defendants in this lawsuit. And I'll be taking your deposition today.

A. Okay.

Q. Can you please state and spell your name

paragraph G?

MR. BORISON: Objection to form.

A. So, for example, if someone needs to be hired to do this, a different company, that there's funds to pay that company to do the necessary cleanup that is identified in F.

So again, this is, again, all about cleaning up the land, making it safe, making it environmentally safe, putting it back as close as possible to the original state of the land.

And again, they've left and dumped everything, trespassing on our land, especially for us, when they were going and told us that they would remove everything, and then it -- we wouldn't have bought the property if they didn't.

So to me, this is if they're bringing in another company to do the cleanup.

Q. (BY MS. TAYER) And you said earlier that the well on your property has already been plugged, but you don't have a timeline for when the land will be fully reclaimed; is that right?

A. Correct.

Q. So is what you seek in this lawsuit to -- for the Court to order full cleanup of the well and equipment on your land quicker than what the ECMC is

already going to do?
MR. BORISON: Objection to form.
A. Again, it's not just about my land. It's the whole class lawsuit. I don't have a timeline from the ECMC. So this represents everyone, in order for everyone's land to be cleaned up and repurposed.
Q. (BY MS. TAYER) Well, let's talk about the well on your property for the moment.
Do you seek for the Court to order the HRM defendants to fully clean up the well and equipment on your property and remediate the land quicker than the government, the ECMC, would otherwise do?
MR. BORISON: Objection to form.
A. I would think that they could do it quicker than the government, because I don't know where we rate in the land of the -- I'm sorry, in the abandoned wells list, I mean, because it can be ten years.
Q. (BY MS. TAYER) Would you agree that ECMC eventually will do what you seek to be done in this lawsuit; you just don't know when?
MR. BORISON: Objection to form.
A. I really don't know, because we haven't been given any timeline, and it's just basically up to

their list and what wells they have, what funding they have -- what funding they get in order to get to those specific wells.

So I would think through this lawsuit --

(Cell phone ringing.)

THE DEPONENT: Oh, I'm so sorry.

MS. TAYER: That's okay.

THE DEPONENT: I forgot I turned it back on.

A. Did I finish that answer? Do you want me to finish my answer or --

Q. (BY MS. TAYER) Let me just see where we were.

Yeah, go ahead and finish your answer.

A. Yeah, so I would think through this, it would get cleaned up sooner. We don't know any timeline for the ECMC. Also, we don't know where we fall in all of the 200-plus, not only what they had on their list, what Pegasus added to it, and what's been added since then. So again, no timeline at all. So I would think this might be quicker.

Q. And just to be clear -- I think we established this earlier -- all of the at-issue wells, about 200 wells, you say, in this litigation are in the Orphaned Well Program, right?

A. My understanding from Adams County, when I first contacted them, they said that Pegasus went bankrupt, and it abandoned and orphaned over 200 wells.

Q. And is it your understanding that those 200 wells are in the Orphaned Well Program?

A. I don't know, but it sounds like they were going -- they were.

Q. I'll just take you back to paragraph 50 --

A. Because my understanding was it was, but I have not looked up the list.

Q. If you'll just take a look back at paragraph 34 in the complaint, which is on page 6.

A. Oh, page 6.

Q. Just read paragraph 34 to yourself again.

A. Yeah. And that was my understanding from, again, just speaking with Adams County. They said that Pegasus went bankrupt and left them over 200 abandoned wells that was now going to have to be taken care of by them, and that the timeline can be five, seven, ten or more years.

So from that, I took that they all fell under there and was added to their existing list. And that was just -- again, I have not looked up any list.