**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:24-cv-00823-CNS-CYC**

CINDY McCORMICK
RONALD McCORMICK; and,
TRUPP LAND MANAGEMENT LLC,

Plaintiffs,

v.

HRM RESOURCES, LLC,
HRM RESOURCES II, LLC,
HRM RESOURCES III, LLC,
HRM RESOURCES IV, LLC,
L. ROGER HUTSON,
TERRY PAPE,
PAINTED PEGASUS PETROLEUM, LLC, and
JOHN HOFFMAN,

Defendants.

---

**HRM DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(C)**

---

The HRM Defendants file their reply in support of their Motion to Dismiss Pursuant to F.R.C.P. 12(c), filed on October 6, 2026 at ECF #247 ("Motion") and state:

## INTRODUCTION

Because standing is not dispensed in gross, Plaintiffs must demonstrate standing for each form of relief they seek: an injunction and damages. The HRM Defendants' Motion is narrowly focused on a single issue: whether Plaintiffs have standing for their injunctive relief claims. Should the Court grant the Motion, the core of Plaintiffs' case—their damages claims—thus would remain. But as to injunctive relief, Plaintiffs cannot satisfy their burden to show that their request for a third-party administered fund to plug, abandon, and clean up the Wells will likely redress their alleged injuries.

Plaintiffs agree the Wells are under ECMC's control in its Orphaned Well Program ("OWP"). Plaintiffs also agree that ECMC has discretion over when and how wells in the OWP are plugged, abandoned, and reclaimed ("PA&Red"). And Plaintiffs even agree that their proposed injunctive relief would not "require ECMC to act in accordance with the decision of this Court" (Opp. at 8–9)—but that ECMC's discretionary approval of the privately funded cleanup efforts *would be* required to PA&R the Wells. Plaintiffs' concessions alone are enough for the Court to find lack of redressability because only ECMC—a non-party state agency—can authorize and oversee PA&R of the Wells.

Rather than focusing on proving their standing burden, Plaintiffs use the first half of their Opposition to press meritless procedural objections. When Plaintiffs do finally attempt to show redressability, they fail to point to a single piece of evidence proving that a Court-created, third-party fund would likely result in the PA&Ring of the Wells. Citation

to ECMC's general authority and reliance on ECMC approving PA&Ring of other wells is not enough to show likely redress of Plaintiffs' specific alleged injuries. The Court thus should grant the Motion, finding lack of standing for Plaintiffs' injunctive relief claims.

## ARGUMENT

### I. Plaintiffs' Four Procedural Objections Lack Merit.

#### A. The Motion does not ask for reconsideration of any prior motion.

First, Plaintiffs are wrong that the Motion asks for reconsideration of the HRM Defendants' motion to dismiss (*see* Opp. at 4), as the Motion is based on new arguments and new evidence concerning subject matter jurisdiction, which is always at issue.

As to new arguments, the Court recognized that the HRM Defendants' initial standing arguments were based on *injury in fact* and *traceability*, deciding that Plaintiffs (at least at the motion to dismiss stage) had "established an actual injury traceable to Defendants." (ECF No. 90 at 7–8.) The motion to dismiss mentioned redressability only in a single paragraph, (ECF No. 30 at 19), and the word "redress" does not appear in the Court's order on the motion to dismiss (*see* ECF No. 90). The Court has not decided this Motion's *redressability* argument. The Motion thus is not one for "reconsideration."

As to new evidence, whereas the April 2024 dismissal motion's single paragraph on redressability did not cite evidence (as none had yet been developed), this Motion now relies on voluminous evidence developed ***over the last two years***. (*See* Mot. at 2–6.) "[C]ourts have an ongoing obligation to determine whether adjudicating a particular case is within their subject-matter jurisdiction." *United States v. Green*, 886 F.3d 1300, 1304 (10th Cir. 2018). Even where an initial "motion to dismiss, challenging . . . standing" is

"denied," the Court can later ***grant*** dismissal where evidence reveals "there will be no effective remedy." *Alameda Water & Sanitation Dist. v. Reilly*, 930 F. Supp. 486, 490–91 (D. Colo. 1996). Thus, because this post-discovery Motion presents new evidence (and arguments) concerning this Court's "ongoing obligation" to examine jurisdiction, *Green*, 886 F.3d at 1304, it is not a "motion for reconsideration."

Second, Plaintiffs' argument that the HRM Defendants "pressed the same theme against class certification" also lacks merit. (Opp. at 4–5.) Plaintiffs' burden of establishing the requirements of F.R.C.P. 23 is not the same as establishing standing. (*Compare* ECF No. 107 (Plaintiff's Motion for Class Certification) at 5 *with* Mot. at 6–8.) That class certification and standing might cover some of the same general "themes" does not mean that the Court's class certification order decided this not-yet-filed standing Motion.

**B. The Tenth Circuit allows consideration of evidence for a Rule 12(c) motion based on lack of subject matter jurisdiction.**

Next, Plaintiffs' contention that the HRM Defendants cannot rely on "evidence" (*see* Opp. at 5–6) flies in the face of Tenth Circuit precedent. As noted in the Motion, "the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." (Mot. at 8 (quoting *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) (cleaned up).) And contrary to Plaintiffs' argument that "the court must convert the motion into a Rule 56 motion for summary judgment" (Opp. at 5), "[r]eference to evidence outside the pleadings does ***not*** convert the motion to dismiss into a motion for summary judgment." *SK Fin. SA v. La Plata Cnty., Bd. of Cnty. Comm'rs*, 126 F.3d 1272, 1275 (10th Cir. 1997) (emphasis added). Plaintiffs also leave out that ***discovery is closed***. So, deciding redressability now

based on a complete evidentiary record is not premature and instead is proper.

Finally, Plaintiffs' argument that the Motion overlaps with the "substantive aspects of the claims" (Opp. at 6) is at odds with their own allegations. The Motion does not overlap with the merits of Plaintiffs' claims for fraudulent transfer and trespass. The FAC alleges that the transfer of the Wells from the HRM Defendants ***to P3*** was allegedly fraudulent (*see* FAC ¶ 10), but the Motion's redressability arguments are based on the Wells being transferred from P3 ***to ECMC*** by ECMC order after P3 filed for bankruptcy. It is unclear how the Motion's arguments about ECMC's control of the Wells showing lack of redressability for an injunction overlap with the merits of the fraud and trespass claims.

**C. This Motion is not one for abstention.**

In an attempt to dodge standing altogether, Plaintiffs seem to argue against *Burford* abstention.[1] (Opp. at 6–7.) Yet the Motion does not even mention "abstention." That redressability might raise similar concerns as *Burford* abstention—whether ECMC's authority raises "issues that involve complicated state regulatory schemes," *Lehman v. City of Louisville*, 967 F.2d 1474, 1478 (10th Cir. 1992)—does not mean that Plaintiffs can recast the Motion to ignore their lack of standing. And even if *Burford* were relevant to standing, "the existence of a state regulatory scheme" goes hand in hand with "the means to redress any federal claims," showing that a regulatory regime is evidence of lack of redressability. *Di Loreto v. Costigan*, 600 F. Supp. 2d 671, 695 (E.D. Pa. 2009).

**D. A subject-matter jurisdictional challenge can be raised at any time.**

[1] Plaintiffs do not mention "*Burford*" expressly, though it appears that it is the abstention doctrine they are arguing against. (*See* Opp. at 6–7 (citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 362 (1989), in turn citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943)).)

Plaintiffs' final procedural objection—timeliness (*see* Opp. at 7)—not only fails but highlights how desperately Plaintiffs seek to avoid the merits of the standing challenge. As Plaintiffs concede, "Rule 12(h)(3) permits a jurisdictional challenge at any time." (*Id.*) Indeed, subject matter jurisdiction can be raised "during trial" or "even for the first time on appeal." *Ruggieri v. Gen. Well Serv., Inc.*, 535 F. Supp. 525, 528 n.2 (D. Colo. 1982) (first quotation); *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (second quotation). Plaintiffs' complaint about timing thus is meritless, as the Court can "determine[] at any time that it lacks subject-matter jurisdiction." F.R.C.P. 12(h)(3).

But even if timing limitations for non-subject-matter Rule 12(c) motions were relevant, Plaintiffs' argument would still fail. A Rule 12(c) motion is untimely only "when it delays trial." *Alzado-Lotz v. Bock*, 2026 WL 2138212, at *3 (D. Colo. May 19, 2026), *report and recommendation adopted*, 2026 WL 2138217 (D. Colo. June 11, 2026). Where "no trial date has been set" and "the dispositive-motions deadline has not yet passed," the motion is timely. *Id.* Here, the dispositive motions deadline has not passed, the pretrial conference is more than eight months away in July 2027, and no trial date has been set. (ECF No. 241.) Plaintiffs' argument that the Motion is improper because it was filed "on the eve of [a] trial" that has not yet been scheduled rings hollow. (Opp. at 7.)

## II. Plaintiffs Have Not Met Their Burden to Show That Their Requested Injunctive Relief Will Redress *Their* Purported Injuries.

### A. The HRM Defendants accept Plaintiffs' concession that they are not seeking injunctive relief in the form of a donation to ECMC.

Plaintiffs aver that they "never requested" injunctive relief in the form of "a donation to ECMC," claiming that "the Court mentioned" that relief. (Opp. at 8 n.5.) Plaintiffs

mischaracterize the hearing. ***Plaintiffs' counsel*** (not the Court) suggested a donation as possible injunctive relief sought: C.R.S. § 34-60-133(6)(a)(III) "says that grants or donations can be accepted by" the OWP, so if Plaintiffs are "successful in the litigation and there is money available, it could still fall within the [OWP] because it could be a grant or . . . a donation" (*see* Motion, Ex. F, Class Notice Hr'g, 3:23, 5:6–18). Regardless, the HRM Defendants accept Plaintiffs' concession that they are not seeking a donation and thus address redressability based on creation of a third-party plugging fund only.[2]

**B. The HRM Defendants and Plaintiffs agree that ECMC must approve any effort to PA&R the Wells, which is enough to grant the Motion.**

While Plaintiffs claim that the HRM Defendants "inaccurately portray[] Plaintiffs' requested relief" (Opp. at 8), Plaintiffs agree with the HRM Defendants what steps must happen before a single Well is PA&Red. Plaintiffs agree that ECMC "must approve plans for plugging and remediation." (*Id.* at 9.) Plaintiffs agree that any PA&R of the Wells must go through "ECMC's normal processes." (*Id.*) And Plaintiffs appear to agree (or at least do not disagree) with the notion that "ECMC exercises . . . discretion" in deciding when and how to PA&R wells in the OWP. (*Id.* at 6; *see also id.* at 12 ("Plaintiffs do not contest ECMC authority.").) Plaintiffs' agreement alone is enough to show lack of redressability.

As the Motion explains, "[w]hen 'the record cannot support a conclusion that a

---

[2] By disclaiming that they are seeking a donation and by failing to rebut the HRM Defendants' arguments that a donation fails to satisfy redressability, Plaintiffs concede that they do not have standing for that type of injunctive relief. *See Sports Rehab Consulting LLC v. Vail Clinic, Inc.*, 2025 WL 2613769, at *9 (D. Colo. Sept. 10, 2025). Plaintiffs' statement that they "remain open" to a donation-based injunction (Opp. at 8 n.5) is an attempt for Plaintiffs to have their cake and eat it too. If Plaintiffs reverse course, the HRM Defendants will renew their lack-of-redressability arguments for a donation.

judgment enjoining *only the[] defendants*' 'would redress [the plaintiffs'] injury,' standing is lacking." (Mot. at 10 (quoting *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1159 (10th Cir. 2005) (emphasis added).) Thus, because Plaintiffs agree that a non-party, state agency must exercise discretion to remedy the purported injuries—and because Plaintiffs point to nothing to show that it is *likely* that ECMC would exercise its discretion to PA&R Plaintiffs' Wells, *see infra* at 7–10—the Court should find that redressability is lacking.

**C. Reliance on ECMC's general authorizing statute and regulations does not show that redress of *Plaintiffs'* purported injuries is likely.**

Even if the Court were to look further than Plaintiffs' agreement that ECMC must exercise discretion, their remaining arguments do not meet their burden for redressability.

The pertinent standing question is not how "injunctive relief will redress" "the public's generalized interest in . . . compliance" with a statute, but instead whether the injunctive relief "will redress [the plaintiffs'] ***particular*** injuries." *WildEarth Guardians v. Pub. Serv. Co.*, 690 F.3d 1174, 1191 (10th Cir. 2012) (emphasis added). Ultimately, "[r]elief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

For proof of redressability, Plaintiffs cite: (1) "ECMC's authorizing statute"; (2) "ECMC's duty"; (3) "ECMC's authority" and "mandate[]"; (4) ECMC's "clear statutory authority to work with private contractors"; (5) how "ECMC welcomes privately funded third parties"; and (6) how "ECMC would benefit from" a third-party fund. (Opp. at 9–12.)

But none of those cited statutes or regulations show that ***Plaintiffs' alleged injuries*** would likely be redressed by an order from this Court creating a third-party fund. "Plaintiffs do little more than recite the statutory requirements" for ECMC "and list

outcomes they hope the agency will achieve." *Johnson v. Becerra*, 668 F. Supp. 3d 14, 21 (D.D.C. 2023). "Plaintiffs' framing of the requested relief at such a high level of generality is a red flag that they have not met their burden to show redressability." *Id.*

That ECMC (generally) has the "authority" to allow third parties to PA&R wells, or that ECMC (generally) has a "duty" to have orphaned wells PA&Red, does not mean that ***Plaintiffs' Wells*** are likely to be PA&Red by a third-party administrator. Plaintiffs must show that redressability will occur if the Court "order[s] the ***defendant*** to do something that will have a real-world effect." *Am. Crick Premier League, LLC v. USA Cricket*, 445 F. Supp. 3d 1167, 1176 (D. Colo. 2020) (emphasis added). Citation to ECMC's "authority" or "duty" to PA&R orphaned wells generally does not meet Plaintiffs' burden to show that an order enjoining the HRM Defendants will remedy Plaintiffs' specific alleged injuries.

Plaintiffs' additional "evidence" does not move the needle to show that ECMC PA&Ring ***Plaintiffs' Wells*** is a "predictable outcome." (Opp. at 9.) That "evidence" consists of: (1) a negotiated contract ***between two non-parties*** to PA&R a series of wells (most of which do not pertain to this case) (*id.* at 11 (citing Opp. Exs. 2, 3)), and (2) that two of the Wells were PA&Red ***at the direction of ECMC*** (*id.* (citing Motion, Ex. A ¶¶ 16–17)). But neither (1) nor (2) shows that Plaintiffs have received confirmation that, if the Court were to create a third-party fund, ECMC would allow that fund to PA&R ***Plaintiffs' Wells***. Plaintiffs also ignore evidence—from their own production—that ECMC has ***denied*** attempts for third parties to PA&R wells in the OWP. (*See* Ex. N (Plaintiffs_004890).) And as the Motion (at 5) explained, ECMC has already decided ***not*** to re-prioritize Plaintiffs' Wells for PA&Ring. (*See* Motion, Ex. E, 260:10–261:7.)

In *Johnson*, in addition to the plaintiffs' reliance on mere "statutory requirements," the court concluded that standing was lacking "for a more basic reason": the non-parties whose actions were necessary for relief could "exercis[e] discretion to refuse aide services to" the plaintiffs. 668 F. Supp. 3d at 22 (quotation marks omitted). Similarly here, even if the Court could "credit[] Plaintiffs' allegations that" actions taken by the HRM Defendants (or even the third-party fund) could "encourage[]" ECMC to remediate Plaintiffs' injuries, "Plaintiffs cannot carry their burden without more." *Id.* at 23 (quotation marks omitted). Plaintiffs "have not shown that the actions requested *here* would change the independent . . . decisions of" ECMC to PA&R ***Plaintiffs' Wells***. *Id.* at 24 (quotation marks omitted). In the end, even if "the Court could fashion some remedy that might give Plaintiffs 'better odds' of" having their Wells PA&Red by ECMC, that "is not close to what is required to satisfy the redressability prong of Article III." *Id.* at 25. The Court "cannot change [ECMC's] discretion under the [Colorado] statute[s] to choose not to offer . . . services to Plaintiffs." *Id.*; *see also Marshall v. Taylor*, 2026 WL 3072621, at *4 (D.N.M. Oct. 14, 2026) ("Just as the [state agency] can agree with the [defendant's] recommendation" that would redress the plaintiff's injury, "so too can the [state agency] deny the [defendant's] recommendation," so redressability was not likely.). This discretion by non-party, state-agency ECMC means that Plaintiffs cannot show redressability.

Finally, Plaintiffs' bare attempt to distinguish applicable case law from multiple other jurisdictions falters. (*See* Opp. at 14–15 & n.9.) As for *Haaland v. Brackeen*, 599 U.S. 255, 293 (2023), Plaintiffs' three purported "differ[ing]" characteristics (Opp. at 15) are actually *all* present in this case: (1) this case also involves "state-federal comity

concerns" (*id.*) because a federal court would effectively be asking a state agency to act in a particular manner (even if that ask is indirect); (2) the proposed injunctive relief *does* require ECMC to voluntarily accept the help of the proposed third-party administrator; and (3) ECMC *does* have "substantial discretionary authority" (*id.*; *see* Mot. at 3–4, 13).

In the other relevant cases that Plaintiffs attempt to distinguish (*see* Opp. at 14–15 n.9), courts found lack of redressability because a non-party government agency had to take independent actions to provide redress for the plaintiffs' injuries—as is the case here. (*See* Mot. at 11–16.) Plaintiffs have not submitted any declaration from ECMC stating that it will accept the help of the proposed third-party administrator. *Cf. US Magnesium, LLC v. EPA*, 690 F.3d 1157, 1166–67 (10th Cir. 2012) (declaration from state agency was proof that the non-party agency would redress plaintiffs' injuries). So, there is no proof that "a favorable decision [from this Court] would significantly increase the chances of favorable action by [the] non-party," *i.e.*, ECMC. (Opp. at 12 (quoting *US Magnesium*, 690 F.3d at 1166).) Rather, Plaintiffs hinge their standing on the bald notion that "ECMC has no reason to reject cleanup plans" from a Court-approved third party. (Opp. at 14.)

But this claim does not satisfy Plaintiffs' burden to show the ***likely*** PA&R of the Wells from the injunction, especially given evidence that the injunction would disrupt ECMC's normal processes and conflict with ECMC's decision not to reprioritize the Wells. ECMC is presently plugging the Wells and has already plugged many wells, including the McCormicks'. (*See* Mot. at 4–6, 13, 17–18.) The Court cannot disturb that process.

## CONCLUSION

Plaintiffs' injunctive relief claims should be dismissed for lack of standing.

Respectfully submitted this 10th day of November, 2026.

*s/ Matthew C. Arentsen*
Richard B. Benenson, #32566
Justin L. Cohen, #44811
Matthew C. Arentsen, #45021
Madeleine L. Tayer, #61762
Max Porteus, #56405
Alex P. Jack, #60682
BROWNSTEIN HYATT FARBER SCHRECK, LLP
675 15th Street, Suite 2900
Denver, CO 80202
Phone: (303) 223-1100
Fax: (303) 223-1111
Email: rbenenson@bhfs.com;
jcohen@bhfs.com; marentsen@bhfs.com;
mtayer@bhfs.com; mporteus@bhfs.com;
ajack@bhfs.com

*Attorneys for HRM Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of November, 2026, I electronically filed a true and correct copy of the foregoing **HRM DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(C)** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel:

Christopher P. Carrington
Benjamin W. Hudgens
RICHARDS CARRINGTON, LLC
1444 Blake Street
Denver, CO 80202
Telephone: (303) 962-2690
Email: chris@richardscarrington.com
ben@richardscarrington.com

Camille Sippel
ClientEarth USA, Inc.
4192 Marcasel Avenue
Los Angeles, CA 90066
Phone: 605-397-7951
Email: csippel@clientearth.org

Setareh Homayoni
Benjamin Segal
John Stevens Rossiter, Jr.
Rosa Acheson
Kelley Tran
Jaclyn Lee
ClientEarth USA, Inc.
501 Santa Monica Boulevard, Suite 510
Santa Monica, CA 90401
Phone: 925-890-1306
Email: shomayoni@clientearth.org;
bsegal@clientearth.org;
JRossiter@clientearth.org;
racheson@clientearth.org;
ktran@clientearth.org;
jlee@clientearth.org

Scott C. Borison
Borison Firm LLC
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Phone: 301-620-1016
Email: scott@borisonfirm.com

*Attorneys for Plaintiffs*

**By Email:**
John Hoffman
3201 Bayshore Drive
La Porte, TX 77571
Phone: 713-962-0708
johnghoffman@icloud.com

*Pro se Defendant*

*s/ Kate M. Meade*
Kate M. Meade, Paralegal